William H. CARTER

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1982.

Decided Dec. 2, 1982.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for plaintiff.

Anita M. St. Onge (orally), Charles K. Leadbetter, Asst. Attys. Gen., Augusta, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

VIOLETTE, Justice.

William H. Carter appeals from a Superior Court, Cumberland County, denial of his post-conviction review petition challenging his commitment to jail. Because his case does not fall into any recognized exception to the mootness doctrine, we deny his appeal.

On July 8, 1981, Carter was committed to jail for unexcused default in payment of a $75.00 fine, to be served at the rate of $10.00 per day, pursuant to 17–A M.R.S.A. § 1304. On July 14, 1981, while serving said commitment, he filed a petition in Superior Court for post-conviction review. He was subsequently discharged from jail, having been credited with full payment of the fine by virtue of the time served. He complained in his petition that he had not been informed of or waived his right to counsel at the hearing resulting in his jailing. The trial justice, ruling on the petition after Carter's release from jail, denied it on the grounds that its untimeliness made the

matter moot and deprived the court of jurisdiction over it. Carter now appeals that denial and urges this Court to rule on his right to counsel.

 We note initially that, pursuant to 15 M.R.S.A. § 2124(2),[1] the Superior Court did have jurisdiction to hear Carter's petition. The statute required that Carter be incarcerated when he filed his petition—it did not require that he remain incarcerated until the petition was finally reviewed. Notwithstanding our conclusion that the Superior Court had jurisdiction to hear the petition, we nevertheless determine that the case is moot.

 Carter's release from jail ended his personal stake in a challenge to his jailing and thus renders his petition technically moot. If, however, Carter's petition presents "issues which may be repeatedly presented ... yet escape review ... because of their fleeting or determinate nature," *State v. Gleason*, Me., 404 A.2d 573, 578 (1979), then we may appropriately determine them.

Carter does not allege that he will personally be subject to another jailing for failure to pay a fine, *see Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353, 357–58 (1982), and he concedes that he may not avoid mootness by bringing a post-conviction review class action under 15 M.R.S.A. § 2122. Carter argues instead that, because the maximum imprisonment for failure to pay a fine is limited to only six months under 17–A M.R.S.A. § 1304, no petitioner will be able to avoid mootness when challenging a § 1304 incarceration and the issue of a right to counsel at a § 1304 hearing will continue to avoid judicial review. He therefore urges this Court to adopt class action doctrine and permit him to argue his case as though he were a mooted class representative.

 Carter has not persuaded us that a challenge to a § 1304 incarceration must necessarily be moot. There is no reason why a person thus committed must wait until the last hours of his possible incarceration (as Carter here did) to file a petition for post-conviction review. Further, he has made no showing of the correlation between the actual lengths of § 1304 jailings and the time required to obtain judicial review of a post-conviction petition. Moreover, petitioners seeking post-conviction review may apply for bail to keep their appeals from being mooted by the brevity of their sentences. 15 M.R.S.A. § 2129(4); M.R.Crim.P. 74; *see* Advisory Committee Notes to M.R.Crim.P. 74(b)(1), *reprinted in* 434–440 A.2d LXXV (1981).

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

1. The statute, in relevant part, requires that the petitioner:

> ... demonstrate that the challenged ... post-sentencing proceeding is causing a present restraint ... as follows:

> . . . . .

2. Post-sentencing proceeding: Incarceration ... imposed pursuant to a post-sentencing proceeding following a criminal judgment, although the criminal judgment itself is not challenged. 15 M.R.S.A. § 2124.