**STATE of Maine**

v.

**James R. COLSON.**

Supreme Judicial Court of Maine.

Argued March 7, 1984.

Decided March 27, 1984.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty. (orally), Portland, for plaintiff.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

WATHEN, Justice.

After entering a plea of guilty to operating after suspension (29 M.R.S.A. § 2184 (Supp.1983–1984)), defendant was convicted and fined $350.00 by the District Court in Portland on December 28, 1981. In February of 1983 a bench warrant issued and defendant was brought before the same court to show cause why he should not be sentenced to imprisonment for nonpayment of the fine. See 17–A M.R.S.A. § 1304 (1983). At the close of the hearing, the District Court committed defendant to 35 days in the county jail. Defendant's appeal of that order to the Superior Court (Cumberland County) was denied and he now

appeals to the Law Court. He argues, as he did before the Superior Court, that his right to counsel was denied by the District Court at the hearing to show cause why he should not be imprisoned for nonpayment of the fine. We conclude that direct appeal is not available to this defendant and that post-conviction review is the exclusive means of judicial review. We dismiss the appeal.

An order of commitment for nonpayment of a fine pursuant to 17–A M.R.S.A. § 1304 is reviewable only on post-conviction review, and not on direct appeal from that order. The legislature has stated that the statutory scheme of post-conviction review "shall provide a comprehensive and ... *exclusive* method of review ... of post-sentencing proceedings." 15 M.R.S.A. § 2122 (Supp.1983–1984) (emphasis added). A section 1304 hearing is a "post-sentencing proceeding," and defendant is confined to post-conviction review of any order resulting from such a hearing.

A recent amendment[1] to the definitional section pertaining to post-conviction review specifically added section 1304 hearings to the list of examples of "post-sentencing proceedings."[2] Although defendant initiated his direct appeal from the commitment order prior to the effective date of this amendment, the amendment produced no change but merely confirmed the fact that post-conviction review is the exclusive method of review for such matters. *See Carter v. State,* 452 A.2d 1201, 1202 n. 1 (Me.1982) (referring to a section 1304 hearing as a post-sentencing proceeding prior to its explicit inclusion in statutory list of examples). Where, as in this case, the record does not sufficiently expose the issues relevant to a claimed deprivation of constitutional right, the parties are relegated to post-conviction review and neither the Superior Court nor the Law Court has the authority to reach the merits of defendant's constitutional claim on direct appeal.[3]

The entry shall be:

Appeal dismissed.

Remanded to Superior Court for the entry of an order vacating the denial of defendant's appeal from District Court and for the entry of an order dismissing defendant's appeal.

All concurring.

1. P.L.1983, ch. 235, § 1 (effective September 23, 1983).

2. The definition, as amended, reads as follows:
   *2. Post-sentencing proceeding.* "Post-sentencing proceeding" means a court proceeding or administrative action occurring during the course of and pursuant to the operation of a sentence which affects whether there is incarceration or its length, including revocation of parole or entrustment of a juvenile, failure to grant parole or an error of law in the computation of a sentence <u>and default in payment of fines under Title 17–A, section 1304.</u> It does not include administrative dis-

ciplinary proceedings resulting in a loss of time deductions under Title 17–A, section 1253, subsection 5, revocation of probation or proceedings before the Appellate Division of the Supreme Judicial Court pursuant to chapter 306.
15 M.R.S.A. § 2121(2) (Supp.1983–1984) (amended portion underlined).

3. Defendant has filed a petition for post-conviction review, which has never been heard. At a hearing on such a petition, the presiding justice will have the ability to develop an evidentiary record and make findings relevant to the defendant's claim.