**STATE of Maine**

v.

**David DODGE.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 10, 1990.

Decided May 22, 1990.

1. The Gouldsboro ordinance was enacted pursuant to 12 M.R.S.A. § 6671 (1981 & Supp.1989), which provides for municipal shellfish conservation programs, authorizes ordinances regulating shellfish, section 6671(8), and provides a criminal penalty for violation of such an ordinance, section 6671(9).

2. 17–A M.R.S.A. § 1304(1) (1983 & Supp.1989) provides in pertinent part:
   When a convicted person sentenced to pay a fine defaults in the payment of the fine or of any installment, the court, upon the motion of the official to whom the money is payable ... or upon its own motion, may require that

Michael Povich, Dist. Atty., Ellsworth, for plaintiff.

David Dodge, Orono, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

David Dodge appeals from an order of the Superior Court (Hancock County, *Silsby, J.*) committing Dodge to prison pursuant to 17–A M.R.S.A. § 1304(1) (1983 & Supp.1989) for willfully refusing to pay a $200 fine imposed on him for violation of a Gouldsboro town ordinance. Because the hearing at which the court decided that Dodge's willful failure to pay amounted to a "default in payment of a fine" was a post-sentencing proceeding within the meaning of 15 M.R.S.A. § 2121(2) (Supp. 1989) and may be reviewed only by filing a petition for post-conviction review in the Superior Court, we dismiss this direct appeal to the Law Court.

After a jury trial in Superior Court (*Chandler, J.*) Dodge was convicted of clamming without a license in criminal violation of a Gouldsboro ordinance.[1] The court imposed a $200 fine and allowed Dodge ten months to pay. When Dodge failed to make any payments, he was ordered pursuant to 17–A M.R.S.A. § 1304(1)[2] to show cause why he should not be committed to jail. After a hearing on Dodge's failure to pay the fine, the Superior Court determined that his failure to pay was willful and ordered him to serve five days in the Hancock County Jail. This appeal followed.

person to show cause why that person should not be committed to the custody of the sheriff for nonpayment and may issue a summons or a warrant of arrest for that person's appearance. Unless such person shows that the default was not attributable to a willful refusal to obey the order of the court or to a failure on that person's part to make a good faith effort to obtain the funds required for the payment, the court shall find that the default was unexcused and may commit that person to the custody of the sheriff until the fine ... *is paid....*

15 M.R.S.A. § 2121(2) defines a post-sentencing proceeding as a "court proceeding ... occurring during the course of and pursuant to the operation of a sentence ... including ... default in payment of a fine...." Post-conviction review by the Superior Court under chapter 305–A of 15 M.R.S.A. §§ 2121–2132 (Supp.1989) is the exclusive method of review of post-sentencing proceedings. 15 M.R.S.A. § 2122.[3] The statute bars any direct appeal to the Law Court from a post-sentencing proceeding such as that involving Dodge's failure to pay the fine.

Because Dodge contends he has been illegally ordered to be incarcerated under 17–A M.R.S.A. § 1304, and because proceedings under section 1304 are post-conviction matters within the meaning of 15 M.R.S.A. § 2121(2), Dodge's exclusive remedy is post-conviction review in the Superior Court. 15 M.R.S.A. § 2122; *see also State v. Colson,* 472 A.2d 1381, 1382 (Me. 1984); *Carter v. State,* 452 A.2d 1201, 1202 (Me.1982). Consequently, this direct appeal is not cognizable and must be dismissed. *Colson,* 472 A.2d at 1382 & n. 2.[4]

The entry is:

Appeal dismissed.

All concurring.

---

**3.** 15 M.R.S.A. § 2122 (Supp.1989) provides in pertinent part:

This chapter [305–A] shall provide a comprehensive and, except for direct appeals from a criminal judgment, *the exclusive method of review* of those criminal judgments and *of post-sentencing proceedings* occurring during the course of sentences. It is a remedy for illegal restraint and other impediments specified in section 2124 which have occurred directly or indirectly as a result of an illegal criminal judgment or post-sentencing proceeding....

(Emphasis supplied.) Dodge did not take a direct appeal from his conviction of clamming

without a license. *See* 15 M.R.S.A. § 2115 (Supp.1989); 4 M.R.S.A. § 57 (1989); *see also* M.R.Crim.P. 37.

**4.** The explicit inclusion of hearings on default in payment of a fine pursuant to 17–A M.R.S.A. § 1304 as an example of a post-sentencing proceeding to which post-conviction review applies was added to 15 M.R.S.A. § 2121(2) by P.L.1983, ch. 235, § 1 (effective Sept. 23, 1983). Though the specific statutory reference to 17–A M.R.S.A. § 1304 was subsequently deleted, P.L.1985, ch. 556, § 1 (effective July 16, 1986), that amendment produced no substantive change.