STATE of Maine

v.

Leland COLLINS.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1995.
Decided April 29, 1996.

David W. Crook, District Attorney, Augusta, ME, for the State.

Ronald Bourget, Bourget & Bourget, Augusta, ME, for Defendant.

Before WATHEN, C.J. and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

Leland Collins appeals from a judgment entered in the Superior Court (Kennebec County, *Delahanty, C.J.*) granting the probation officer's motion to amend the conditions of his probation. Collins contends that there was an insufficient basis for amending his probation conditions. We affirm the judgment.

Collins was indicted on one count of gross sexual assault, 17–A M.R.S.A. § 253 (Supp. 1995); one count of kidnapping, *id.* § 301 (1983); one count of aggravated assault, *id.* § 208 (1983); and one count of criminal threatening with a dangerous weapon, *id.* § 209 (1983). Collins entered pleas of guilty to aggravated assault and criminal threatening with a dangerous weapon. In exchange for Collins's guilty pleas the State dismissed the gross sexual misconduct and kidnapping charges. On the aggravated assault conviction Collins was sentenced to ten years in prison with all but six years suspended and four years probation.[1] The conditions of probation included, *inter alia*, Collins's participation in alcohol, substance abuse, and

---

1. On the criminal threatening with a dangerous weapon conviction Collins was sentenced to five years in prison to run concurrently with his sentence on the aggravated assault conviction.

psychiatric counseling and treatment as recommended by the probation officer, and his refraining from the possession or use of intoxicating liquor[2].

During the time that Collins was reporting to his probation officer, the probation officer became aware of circumstances suggesting that Collins may have been using illegal substances or alcohol in violation of his conditions of probation. As a result of this suspicion, the probation officer asked Collins if he had been using drugs or alcohol the previous weekend. Collins smiled and replied no. Believing that Collins was lying, the probation officer asked Collins to take a urine test for drug analysis. Collins refused to take this test, stating that his conditions of probation did not require such a test.

Collins's probation officer filed a motion to amend the conditions of probation, requesting that the court clarify that Collins shall abstain from the use and possession of alcohol and drugs and that it add the condition that Collins submit to random search and testing for the presence or use of alcohol and drugs[3]. Following a hearing the court granted the motion and amended the conditions of probation to include, in addition to the original conditions of probation, the requirements that Collins submit to random search and testing for alcohol, drugs, firearms and dangerous weapons, refrain from possession and use of unlawful drugs or intoxicating liquor, and sign releases required by his probation officer to monitor compliance with the terms of his probation.

*Right of Appeal*

■ Collins filed a notice of appeal pursuant to M.R.Crim.P. 37. M.R.Crim.P. 37(a) provides that "[w]henever a judgment, order or ruling of the Superior Court is by law reviewable by the Law Court, such review shall be by appeal." The State argues, preliminarily, that Collins lacks the statutory right to directly appeal to the Law Court an error in modifying a condition of probation. We disagree.

■ "Appellate review in Maine is strictly statutory as the common law provided no appeal. The right of review by the Law Court is not a constitutional one and must, as a matter of jurisdictional concern, rest upon enabling legislation empowering the Court to act." *Dow v. State*, 275 A.2d 815, 818 (Me. 1971) (citations omitted). The statutory right of appeal from a revocation of probation decision is set forth in 17–A M.R.S.A. § 1207 (Supp.1995).[4] Although neither section 1207 nor any Maine statute specifically addresses a probationer's right of direct appeal of a court's decision to modify probation, 4 M.R.S.A. § 57 (1989) sets forth a general legislative grant of jurisdiction to the Law Court to entertain appeals by authorizing us to review "[c]ases on appeal from the Superior Court ... questions of law arising on reports of cases ... [and] cases presenting a question of law...." *See* 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 37.2 at VII–49 (1994).

■ In *Dow v. State*, 275 A.2d 815, 824 (Me.1971), we concluded that 4 M.R.S.A.

2. There is conflicting evidence in the record regarding whether Collins was ordered to refrain from possession or use of intoxicating liquor. On the preprinted page of the probation order, general conditions of probation are listed including the condition that Collins must refrain from the use or possession of alcohol. On the second page which lists special conditions of probation, the provision for refraining from alcohol is not checked off. Although Collins's probation officer thought this arguable inconsistency gave Collins an unclear message, he took the position that the conditions of probation included the requirement that Collins refrain from the use or possession of alcohol. If this ambiguity was the result of a clerical error which did not memorialize accurately the probation condition imposed by the judge orally from the bench, a transcript of the sentencing hearing could have resolved it. How-

ever, neither party provided that transcript. *See* M.R.Crim.P. 50.

3. This condition of probation requires that Collins shall "submit to random search and testing for (alcohol) (drugs) (firearms) [and] (dangerous weapons)."

4. 17–A M.R.S.A. § 1207 (Supp.1995) states:

Review of a revocation of probation pursuant to section 1206 must be by appeal.... In a probation revocation proceeding in the Superior Court, a person whose probation is revoked may appeal, as under Title 15, section 2115 and the applicable Maine Rules of Criminal Procedure, to the Supreme Judicial Court, sitting as the Law Court.

§ 57 provides a right of appeal from an order revoking probation because a revocation of probation proceeding is a " 'case presenting a question of law' within the meaning of 4 M.R.S.A. § 57 as amended by Public Laws, 1965, Chapter 356, § 1." Although 17–A M.R.S.A. § 1207, enacted subsequent to our decision in *Dow,* currently provides a specific statutory basis for the right of appeal in probation revocation proceedings, we do not read into this specific statutory grant a negative implication that there is no right of appeal pursuant to 4 M.R.S.A. § 57 from a decision modifying a condition of probation.[5] Given that a probation revocation decision can be appealed pursuant to 17–A M.R.S.A. § 1207, and that the original imposition of a condition of probation can be appealed either as part of a direct appeal from a judgment of conviction or as part of a sentence appeal, *see State v. Coreau,* 651 A.2d 319, 320–22 (Me. 1994) (in a sentence appeal defendant challenged a condition of his probation); *State v. Plante,* 623 A.2d 166, 167–68 (Me.1993) (in an

appeal from a judgment of conviction defendant challenged court's order to pay restitution as a condition of his probation), it would be illogical to conclude that a decision to modify a condition of probation is not subject to appeal pursuant to 4 M.R.S.A. § 57.[6]

### Modification of Probation Conditions

■ Collins contends that although 17–A M.R.S.A. § 1202(2) (Supp.1995)[7] requires a hearing on notice to the probationer if the probation officer wants to modify or add to the conditions of probation, the statutory provision fails to provide any standard that must be satisfied for a court to modify the conditions of probation. He contends that a change in circumstances or some action by the defendant must be shown before the court can modify a condition of probation. We disagree.

Title 17–A M.R.S.A. § 1202 incorporates the standards set forth in 17–A M.R.S.A. §§ 1204(1) and 1204(2–A)(M)[8] (1983 & Supp.

---

**5.** The legislative history of 17–A M.R.S.A. § 1207 reveals that, as originally enacted, this section provided that review of a revocation of probation "shall be by post-conviction review as provided in Title 15, sections 2121 to 2132." P.L.1979, ch. 701, § 29. Section 1207, enacted to simplify the criminal procedure relating to probation, was one of the provisions of an amendment to a bill amending criminal laws and procedures. Comm.Amend. A to L.D.1925, No. S–456 (109th Legis.1980). In 1981 section 1207 was amended to provide that review of a revocation of probation "shall be by appeal." P.L.1981, ch. 238, § 9. The reference to "post-conviction review as provided in Title 15, sections 2121 to 2132" was deleted because it conflicted with another provision in the bill regarding 15 M.R.S.A. § 2121(2) that stated that a "post-sentencing proceeding" did not include revocation of probation. L.D. 1281 (110th Legis.1981). In 1993 section 1207 was again amended and provides the current version of this statute. P.L.1993, ch. 234, § 3. It was amended to ensure that the provisions of the Maine Rules of Criminal Procedure regarding appeals apply to an appeal from a revocation of probation in the District Court or in the Superior Court. L.D. 1162, Statement of Fact (116th Legis.1993).

**6.** In reaching this conclusion we recognize that in *State v. Colson,* 472 A.2d 1381, 1382 (Me. 1984), we held that post-conviction review was the exclusive method of review for orders resulting from hearings dealing with non-payment of fines. We further noted that "the statutory scheme of post-conviction review 'shall provide a

comprehensive and ... *exclusive* method of review ... of post-sentencing proceedings.' " *Id.* (quoting 15 M.R.S.A. § 2122 (Supp.1995)). Although a modification of probation hearing is a post-sentencing proceeding in the sense that it occurs subsequent to sentencing while the sentence is being served, this proceeding is not included in the definition of a post-sentencing proceeding *set forth in the post-conviction review* statute. Moreover, a revocation of probation has been specifically excluded from the definition of a post-sentencing proceeding. *See* 15 M.R.S.A. § 2121(2) (Supp.1995). Thus it would be anomalous to treat a modification of probation hearing as a post-sentencing proceeding governed by the statutory scheme of post-conviction review.

**7.** 17–A M.R.S.A. § 1202(2) (Supp.1995) states:

During the period of probation specified in the sentence ... and upon *application* of a person on probation, the person's probation officer, or upon its own motion, the court may, after a hearing upon notice to the probation officer and the person on probation, modify the requirements imposed, add further requirements authorized by section 1204, or relieve the person on probation of any requirement that, in its opinion, imposes on the person an unreasonable burden.

**8.** 17–A M.R.S.A. § 1204 (1983 & Supp.1995) states:

1. If the court imposes a section 1152 sentencing alternative which includes a period of

1995). When presented with a request to modify a condition of probation, the trial court must find that the requested condition would advance one of the purposes set forth in the statute. The court in the instant case concluded that Collins was already prohibited from the use of alcohol or drugs as a condition of his probation, and further found that providing Collins's probation officer with the authority to conduct random searches or tests would be a useful and reasonable means of monitoring Collins's compliance with the terms of his probation.

■ The court's determination is not clearly erroneous. Collins's probation officer testified that he felt the conditions sought to be imposed were necessary because of Collins's past criminal history, which involves alcohol and substance abuse; that the court ordering substance abuse counseling omitted the testing requirement only because of an oversight; that these conditions are generally ordered; that the amended conditions were necessary to supervise Collins adequately; and that random search and testing acts as a deterrent to the prohibited use of alcohol and illegal substances.

The entry is:

Judgment affirmed.

All concurring.

probation, it shall attach such conditions of probation, as authorized by this section, as it deems to be reasonable and appropriate to assist the convicted person to lead a law-abiding life, provided that in every case it shall be a condition of probation that the convicted person refrain from criminal conduct.

. . . .

2–A. As a condition of probation, the court in its sentence may require the convicted person:

. . . .

M. To satisfy any other conditions reasonably related to the rehabilitation of the convicted person or the public safety or security.