2000 ME 44

**William LEWIS**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 30, 1999.

Decided March 10, 2000.

William Lewis, St. Albans, for plaintiff.

David W. Crook, District Attorney, Andrew Benson, Asst. Dist. Atty., Skowhegan, for State.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] William Lewis appeals from a judgment entered in the Superior Court (Somerset County, *Alexander, J.*) dismissing as moot his petition for post-conviction review. Although Lewis has fully served the sentence imposed upon his conviction for attempted murder, we agree that significant collateral consequences attendant upon his conviction prevent the dismissal of his petition as moot. Accordingly, we vacate the judgment and remand for further proceedings.

[¶ 2] This current action for post-conviction review is the latest installment [1] in a

---

1. In addition to the petition in this case, which has already generated three appeals alone, Lewis appealed from his original conviction, *see State v. Lewis*, 584 A.2d 622 (Me. 1990), petitioned the federal courts for a writ of habeas corpus over the denial of pre-and post-conviction bail, *see Lewis v. State of Maine*, 736 F.Supp. 13 (D.Me.1990), and peti-

long series of actions arising from an incident in 1987 in which Lewis shot his wife in the chest because of his delusional belief that she was trying to poison him. The facts relating to this incident and to Lewis's trial and subsequent appeal are fully stated in *State v. Lewis,* 584 A.2d 622, 623 (Me.1990) and will not be repeated here. In March of 1993, approximately midway through his twelve year sentence for attempted murder, Lewis filed his first petition for post-conviction review. Although this petition alleged several grounds for relief, the court summarily dismissed all but the two grounds that alleged ineffective assistance of counsel at trial and on appeal.

[¶ 3] Lewis chose not to go forward solely on the two remaining grounds and indicated that he would amend his petition to allege alternate grounds for relief. Lewis did not file an amended petition, however, until March of 1998, approximately two and a half years after his release from prison. In the intervening five years, Lewis was involved with numerous disputes with a procession of attorneys, including a dispute that originated when his then attorney filed a motion to withdraw the petition for post-conviction review. After Lewis filed his amended petition, the State filed a motion to dismiss arguing that the petition was now moot. The Superior Court agreed with the State and dismissed the petition. Lewis appeals from this order.

■■■ [¶ 4] In reaching its decision, the court relied upon our decisions in *Carter v. State,* 452 A.2d 1201 (Me.1982) and *State v. Irish,* 551 A.2d 860 (Me.1988) and concluded that Lewis's release from custody rendered his petition technically moot and that no exception was justified because Lewis's case did not present "issues that may repeatedly arise but escape review because of their determinate nature." The court correctly relied upon these cases in determining that Lewis's petition became technically moot when he had fully served

tioned the federal courts for a writ of habeas

his sentence. Nonetheless, we have recognized three exceptions to technical mootness:

> First, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief. Second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and the public. Third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting or determinate nature may appropriately be decided.

*State v. Gleason,* 404 A.2d 573, 578 (Me. 1979) (internal citations omitted). In its analysis of these three exceptions, the court incorrectly concluded that *Carter* and *Irish* limited Lewis as a matter of law to the third exception.

[¶ 5] The court's conclusion rests upon a misreading of these two cases. *Carter* and *Irish* do not restrict the ability of a defendant to invoke the collateral consequences exception in order to escape mootness. In *Carter,* the petitioner had been committed to jail for failure to pay a fine. *See Carter,* 452 A.2d at 1201. Because Carter was not challenging the imposition of the fine, but was only challenging his sentence for failure to pay the fine, he was not seeking to avoid "the collateral consequences of a conviction," but instead argued that the short maximum sentence for failure to pay a fine would cause any problems to escape review. *See id.* at 1202. Likewise in *Irish,* the defendant had appealed from the revocation of intensive supervision and was not directly challenging his conviction, which would stand regardless of the outcome of this appeal. *See Irish,* 551 A.2d at 862.

■■■ [¶ 6] In the present case, Lewis is directly challenging his conviction of attempted murder. The revocation of pa-

corpus challenging his conviction.

role and a sentence for failure to pay a fine are not equal to the conviction of a crime. *See State v. Jordan,* 1998 ME 174, ¶ 12, n. 4, 716 A.2d 1004, 1007 n. 4. When a petitioner is challenging a conviction, we presume that collateral consequences exist. *See id.* ¶ 12, 716 A.2d at 1007 (citing *Bennett v. State,* 289 A.2d 28, 31 (Me. 1972)). It is only when a petitioner has *voluntarily* completed a sentence that the challenge to a conviction may be dismissed as moot. *Compare State v. Snowman,* 1997 Me 184, ¶ 5, 698 A.2d 1057, 1058 (holding that defendant had voluntarily served her sentence when she completed a term of probation that had, at her request, been reinstated over a stay issued during the pendency of her appeal); *State v. Osborne,* 143 Me. 10, 54 A.2d 526 (1947) (holding that voluntary payment of a fine caused appeal to become moot) *with State v. York,* 1999 ME 100, ¶ 6, 732 A.2d 859, 861 ("[A] defendant ... who involuntarily serves a sentence has an interest in avoiding the collateral consequences of a conviction."). Lewis served his sentence involuntarily. His petition falls under the collateral consequences exception and may not be dismissed as moot. *See State v. Fletcher,* 288 A.2d 92, 95 (Me.1972) ("Although Defendant had fully completed his sentence he was entitled under his already pending petition for the writ of statutory post-conviction habeas corpus to seek an appeal for the purpose of removing the conviction from his record.").

The entry is:

Judgment vacated. Remanded for proceedings consistent with this opinion.