STATE OF MAINE                                  SUPERIOR COURT
                                                CIVIL ACTION
KENNEBEC, ss.                                   DOCKET NO. AP-99-59
                                                JRA - KEN - 8/21/2000

SAMUEL PELKEY,

          Petitioner

     v.                                         DECISION AND ORDER

STATE OF MAINE, OFFICE
OF THE SECRETARY OF STATE,

          Respondent


     This matter is before the court on the petitioner's appeal of the Secretary of

State's refusal to reconsider its decision suspending the petitioner's motor vehicle

license.   The respondent has moved to dismiss the appeal, but the parties have

agreed that the court may address the motion to dismiss and the merits of the appeal

at the same time so that it may enter a final disposition of this case.

     By way of history, the record shows that the petitioner was convicted of

Operating Under the Influence, 29-A M.R.S.A. § 2411, in the Lincoln District Court

on April 7, 1998, at which event his driver's license was suspended for 90 days. The

Secretary of State, however, imposed on the petitioner a concurrent license

suspension of 18 months because he had been previously adjudicated or convicted

of Operating Under the Influence or had previously failed to submit to a test to

measure blood-alcohol level.  See 29-A M.R.S.A. § 2451(3)(B) (1996).  The respondent

notified the petitioner of this suspension via a notice that was "mailed no later than

4/14/98."  The 18-month suspension was scheduled to terminate in October of 1999.

Petitioner, with different counsel, filed a request for a hearing with the respondent on August 25, 1998. The respondent denied this request as untimely pursuant to 29-A M.R.S.A. § 2483 which requires that a request for a hearing to review a license suspension "determination" must be made "within 10 days from the effective date of the suspension." *Id.* The statute also provides that the 10-day period may be waived if the respondent finds that the driver "was unable to make a timely request due to lack of actual notice of the suspension . . ." *Id.* at § 2483(3).

The petitioner has argued that he was unable to make a timely request because the notice he received did not comply with the requirements of 29-A M.R.S.A. § 2482(2)(C), (D), (E), and (F) in that it did not advise him of his right to request a hearing, the procedure for such a request, and the date by which a request for a hearing must be made. He has also argued that the 18-month suspension was erroneously imposed because it was based on an adjudication in 1990 which was, in fact, an acquittal because it had been determined that there was no probable cause to stop him and the evidence against him had been excluded. That being so, he argues, the respondent is barred from using any information against him just as the prosecutor had been, and cannot use that information to suspend his license.

Because of these alleged errors, the petitioner, on several occasions, asked the respondent to reconsider its decision suspending his license, but to no avail. He has turned to this court for relief and filed his petition for review of final agency action on July 14, 1999. The record was filed on July 28, 1999.

No action occurred in the case until April 21, 2000, when the court received a letter from respondent's counsel calling the court's attention to the inaction in the case and inquiring if the appeal had been dismissed or withdrawn. The petitioner responded that the appeal had not been withdrawn and that he was awaiting action by the court. On April 24, 2000, the court issued a briefing schedule. By the time this correspondence was exchanged, and the scheduling order issued, the petitioner's driver's license had been restored.

In its motion to dismiss, the respondent cites three essential reasons why the appeal cannot succeed and should be dismissed: the April 14, 1998 suspension was not defective, the 1990 suspension cannot be collaterally attacked in this appeal, and the appeal is moot because the petitioner has completed his suspension period, has met the conditions for license restoration, and has been issued a valid driver's license.

Because this final point has merit, the court concurs with the respondent that the appeal is in order to be dismissed as moot.

"The concept of mootness is based on the principle that 'courts should decline to decide issues which by virtue of valid and recognizable supervening circumstances have lost their controversial vitality.'" *State v. Jordan*, 1998 ME 174, ¶ 10, 716 A.2d 1004, 1006 (quoting *State v. Gleason*, 404 A.2d 573, 578 (Me. 1979)). "The test for mootness is whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources." *Maine Civil Liberties Union v. City of South Portland*, 1999 ME 121, ¶ 8,

3

734 A.2d 191, 194 (quoting *Nugent v. Town of Camden*, 1998 ME 99, ¶ 6, 710 A.2d 245, 247).

> The Law Court has recognized three exceptions to the mootness principle:

> First, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief. Second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and the public. Third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting or determinate nature may appropriately be decided.

*Lewis v. State*, 2000 ME 44, ¶ 4, 747 A.2d 1191, 1192 (quoting *Gleason, id.*, 404 A.2d at 578).

The petitioner, in his reply to the motion to dismiss, relies on the last of these exceptions to the mootness principle, namely that the issue which he presented at the administrative level of the inadequate notice of his right to a hearing, escapes review at the appellate level although it is capable of reoccurrence to others similarly situated. Under this exception "[u]nless the questions that have become moot occur in a context where there is a 'reasonable likelihood that the same issues will imminently and repeatedly recur in future similar contexts with serious impact upon important generalized public interests,' the determination of those questions should be avoided." *Maine Civil Liberties Union v. City of South Portland*, 1999 ME 121, ¶ 10, 734 A.2d 191, 195 (quoting *Campaign for Sensible Transp. v. Maine Turnpike Auth.*, 658 A.2d 213, 215-16 (Me. 1995)).

The statute which prescribed the contents of the notice of suspension, 29-A M.R.S.A. § 2482, has been amended since the petitioner received his allegedly

4

defective notice. By virtue of the Public Laws of 1997, c. 776, § 50 (eff. July 9, 1998), subparagraphs D and E of section 2482 were repealed so that the Secretary of State is no longer required to advise a suspended operator as to the procedure for requesting a hearing and the date by which the request for a hearing must be made. That being so, the central basis on which the petitioner claims he was deprived of a hearing, namely a defective notice of his right to a hearing and how and when to request one, will not reoccur, absent further legislative action. Accordingly, this court cannot find that this issue has any likelihood of repeating itself, so that it must be concluded that the cited exception to the mootness doctrine is inapplicable here.

The same conclusion would have to be made as to the effect of the exclusion of evidence at a criminal trial as to an administrative determination of license suspension. The Law Court has ruled that the exclusionary rule does not apply to administrative license suspension proceedings. *Powell v. Secretary of State*, 614 A.2d 1303, 1306 (Me. 1992). As such, the exclusion of evidence in petitioner's 1990 prosecution for Operating Under the Influence does not bar the Secretary of State from relying on that evidence to suspend his license. Although this type of circumstance may well be repeated, because the law on the issue is well-settled, there is no need to reexamine it via this cited exception to the mootness doctrine. That being so, the petitioner cannot overcome the respondent's argument that his appeal is moot and ought to be dismissed.

Even though this appeal must be dismissed as moot because there is no remedy the court can provide and no exception to the mootness doctrine so that the

merits of the appeal can be addressed, the court will nevertheless do so because the parties have briefed and argued the merits and because the court bears some responsibility for the appeal's delay and its becoming moot.

It appears that the notice of license suspension sent to the petitioner was defective because it did not conform with the statute then in effect. 29-A M.R.S.A. § 2482. (1996). However, the petitioner had no legally viable basis to pursue this administrative appeal as his claim was that his earlier suspension in 1990 was improper because it was based on evidence excluded at trial. As noted, *infra*, the Law Court has decided that a Secretary of State hearing officer is not allowed by statute to consider the constitutional validity of a motor vehicle stop and that the exclusionary rule does not apply to license suspension hearings. *Powell v. Secretary of State*, 614 A.2d at 1304. That being so, there would have been no legal basis to set aside the 1990 suspension and neither the respondent nor this court on appeal could have vacated that suspension on this basis. As such, the lack of proper notice to the petitioner of his administrative remedies is an error of no consequence as he had no viable grounds to set aside his 1990 suspension. Accordingly, the Secretary of State would have been required to find that an extended suspension was appropriate upon his 1998 conviction because of the 1990 suspension for his refusal to submit to a blood alcohol test which the law considers to be an "OUI offense." 29-A M.R.S.A. §§ 2401(11); 2451(3)(B).

Moreover, even if the 1990 suspension were erroneous, a challenge to that suspension many years after its imposition would amount to a collateral attack on

that suspension which the law does not permit. *State v. O'Neill*, 473 A.2d 415, 417 (Me. 1984). *See also* 29-A M.R.S.A. § 2485(4) (1996). As such, the petitioner could not have succeeded in his administrative appeal of his 1998 suspension via a claim that his 1990 suspension was illegal. Accordingly, not only can he not succeed in this court on this argument, the fact that he had improper notice of his right to appeal the 1998 suspension is inconsequential as he had no legal basis to prevail at the administrative level.

For all the reasons discussed herein, therefore, the court concludes that, notwithstanding absence of proper notice to the petitioner of his right to an administrative hearing, he had no legal basis there, or in this court, to set aside the 1998 suspension which had been enhanced by the prior 1990 suspension. Accordingly, the entries will be:

Motion to dismiss is GRANTED; appeal is DENIED on its merits and because it is moot.

So ordered.

Dated: August 21, 2000

John R. Atwood
Justice, Superior Court

7

Date Filed ___7/14/99___ ___Kennebec___ Docket No. ___AP99-59___
County

Action ___Petition for Review___
80C

J. ATWOOD

DONALD L. GARBRECHT
LAW LIBRARY

SEP 11 2000

Samuel Pelkey      VS.      Secretary of State

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael P. Harman, Esq. <br> 4 Hill Street <br> Millinocket, Maine 04462 | Joseph Wannemacher AAG   (7/28/99) <br> 6 State House Sta <br> Augusta Me 04333 |

| Date of Entry | |
|---|---|
| 7/14/99 | Petition for Review of Final Agency Action, filed. s/Harman, Esq. |
| 7/28/99 | Letter entering appearance filed. s/Wannemacher AAG <br> Certified copy of the complete record filed. s/Wannemacher AAG |
| 4/21/00 | Letter inquiring as to the status of this case filed. s/Wannemacher AAG |
| 4/24/00 | Notice of briefing schedule mailed to attys of record. <br> (record was not noted as being filed therefore a briefing schedule was never issued) |
| 4/24/00 | Letter informing the Court that case is not dismissed filed. s/Harman Esq |
| 5/1/00 | States motion to dismiss the appeal filed. s/Wannemacher AAG <br> Certificate of service filed. s/Wannemacher AAG |
| 5/4/00 | Letter informing the Court that a timely response to the motion to dismiss will be filed. s/Harman Esq |
| 5/19/00 | Petitioners response to states motion to dismiss appeal filed. s/Harman Esq. |
| 6/5/00 | Petitioner's Brief on Appeal of Final Agency Action (5M.R.S.A. Sections 11001-11008), filed. s/Harman, Esq. |
| 6/20/00 | Appellant's Motion to Consolidate, filed. s/Harman, Esq. |
| 6/23/00 | Letter from attorney Wannemacher requesting that case be consolidated but scheduled after July 5th, filed. |
| 6/23/00 | APPELLANT'S MOTION TO CONSOLIDATE, Atwood, J. <br> Motion Granted. (Case to remain on list for June 29th) <br> Copies mailed to attys of record. |
| 6/23/00 | State's Memorandum of Law, filed. s/Wannemacher, AAG. <br> (Atty Wannemacher called and requested that case stay on for 6/29th as originally scheduled.) |