STATE OF MAINE                          SUPERIOR COURT
SOMERSET, ss.                           SKOWHEGAN
                                        DOCKET NO. CR-13-1094


SAMUEL D. CAISON,
    petitioner


v.                                      **DECISION AND ORDER**


STATE OF MAINE,
    respondent

Petitioner, Samuel Caison (hereinafter "petitioner") has filed a petition for post-conviction review pursuant to 15 M.R.S. § 2121-2132 (2012). Hearing was had with respect to the petition on December 12, 2014 at which petitioner testified along with petitioner's trial counsel as well as the assistant district attorney who handled the matter at the trial level. Petitioner was represented by Attorney James Lawley, Esq. while the State of Maine was represented by Deputy District Attorney Ferne Larochelle, Esq.

At hearing Petitioner claimed ineffective assistance of counsel: a) in failing to adequately investigate exculpatory evidence; b) at sentencing; and c) by failing to adequately advise petitioner as to the existence and effect of the Department of Corrections' policy concerning contact with his family. Petitioner also argued that petitioner's ineffective assistance of counsel "renders unsound Petitioner's sentence in all related probation violation (sic)..."

After hearing, and after the Court has had the opportunity to review the file, applicable case law, and statutory provisions relevant to the issues at hand, the Court enters this **Decision and Order** for the reasons set forth below:

*Procedural History:*

1. Petitioner plead guilty to Aggravated Assault, Class A, Violation of Condition of Release, Class E, and Illegal Possession of a Firearm, Class C on 6/7/2010², Docket No. CR-10-0100, and was sentenced to 10 years, all but 33 months suspended with 4 years probation. The charge was based upon allegations that petitioner had shot a man for no apparent reason on 2/3/2010. At that time petitioner's criminal record included convictions for robbery, two

---

¹ The Court did not receive a copy of petitioner's Rule 11 plea until 3/20/2015.
² Subsequently petitioner unsuccessfully attempted to withdraw his plea.

convictions for assault on a police officer, multiple convictions for misdemeanor assault, and criminal threatening with a dangerous weapon.

2. Subsequently petitioner was charged with violating his probation by motion filed 5/23/2013, and admitted to violating his probation imposed in CR-10-0100 on 8/9/13 and received a sentence of 40 months partial revocation of probation, with probation to continue. Petitioner also pleaded guilty to Attempted Tampering With a Witness, Class D and Attempted Violations of Conditions of Release Class E in CR-13-696. Petitioner also pleaded guilty to Terrorizing Class C in CR-13-503. The sentences petitioner received for these convictions were to run concurrently with his probation violation sentence.

### *Standard of Review For Alleged Ineffective Assistance of Counsel:*

1. The right of an accused to be represented by counsel is "a fundamental component of our criminal justice system guaranteed by the Sixth Amendment of the United States Constitution..." *Laferriere v. State,* 697 A.2d 1301 (Me. 1997); *U.S. v. Cronic,* 466 U.S. 648, 653 (1984). Because of the fundamental role that defense counsel play in ensuring the fairness of the criminal justice system, the right to counsel is the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970).

2. Because sentencing is a critical stage of a criminal proceeding, and a defendant is constitutionally entitled to counsel, he is also entitled to effective assistance of counsel during the sentencing process. *Francis v. State,* 938 A.2d 10 (2007).

3. The standard for determining whether or not ineffective assistance of counsel has occurred has been set forth in a number of cases including *Francis v. State, supra, Alexandre v. State,* 927 A.2d 1155 (Me. 2007); *McGowan v. State,* 894 A.2d 493 (Me. 2006); and most recently in *Lamarre v. State,* 2013 ME 110. *See also, Strickland v. Washington, 466 US 668 (1984).*

4. The post-conviction court applies a two-prong test in adjudicating a claim for ineffective assistance of counsel. First, the Court determines whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance...below what might be expected from an ordinary fallible attorney, *McGowan v. State* at 496-97. Second, the Court determines whether the attorney's performance likely deprived the defendant of an otherwise available substantial ground of defense or likely affected the outcome of the proceeding. *Id.* at 497 (noting that the federal and state guarantees are virtually the same).

5. *Strickland v. Washington* requires the Court to evaluate the totality of circumstances and notes that there is a strong presumption that trial strategy and tactics fall within the wide range of reasonable professional assistance.

6. To meet his burden, the petitioner must affirmatively show prejudice. *Id.* at 693, *McGowan* at 497.

2

7. The Court must also consider whether counsel's strategic choices were restricted as a consequence of the defendant's wishes. *See e.g. Moore v. Johnson,* 194 F. 3rd 586, 607 (5th circuit 1999) (counsel's failure to expend pretrial resources in an effort to unearth evidence that might have contradicted defendant alibi defense was not ineffective assistance because defendant insisted on alibi defense.)

8. Our Law Court first had the opportunity to apply the *Strickland* test to an ineffective assistance of counsel claim arising out of a plea proceeding in *Laferriere v. State, supra.* There the Law Court determined that the same two-part standard of *Strickland* is applicable to ineffective assistance claims arising out of the plea process. *Strickland's* second prong, the "prejudice" prong, was modified so as to require a showing by the petitioner that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Aldus v. State,* 748 A.2d 463 (Me. 2000).

9. "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id.* at 468. Thus, before the petition can be granted the undersigned has to find that (1) the performance of petitioner's counsel fell below that of an ordinary fallible attorney, and (2) there is a reasonable probability that, but for his attorney's error, petitioner would not have entered a guilty plea and would have insisted on going to trial.

10. Attorney Bourget was petitioner's trial counsel. Attorney Bourget is an experienced criminal defense attorney, having practiced for over 29 years with the bulk of his practice being in the field of criminal law. During that time Attorney Bourget has defended numerous high profile and difficult, serious felony matters. Attorney Bourget had represented the petitioner "on and off" for several years, including an offense that involved petitioner shooting another man. Attorney Bourget was aware of petitioner having a history of mental health issues. Attorney Bourget was aware that the Co-Occurring Disorders Court was up and running in 2013; however, when counsel raised the possibility of petitioner entering the Co-Occurring Disorders Court, the ADA prosecuting the petitioner advised that the State would veto any application by petitioner based upon his prior criminal history. Attorney Bourget based upon his investigation of the facts of the case and upon his experience believed petitioner would not be successful at trial. Although the named victim had recanted on some allegations, attorney Bourget believed that the recantation "didn't eliminate the problems with the defense...". Although the named victim appeared to be a reluctant witness for the State, the victim's sister was "standing by her story" regarding the petitioner's culpability. Plus, there was a third witness who was considered by counsel to be independent and was not related to either the named victim or her sister that would corroborate the State's version of the incident. Attorney Bourget reasonably concluded that the petitioner's exposure to a serious term of incarceration was substantial if convicted after a trial. Attorney Bourget met with the petitioner approximately six times, and petitioner wrote to counsel a number of times. Discussions were held concerning a possible plea. Counsel and petitioner discussed the elements of each offense

3

petitioner was charged with as well as the maximum penalties for each charge. They discussed the possibility of consecutive sentences if petitioner was convicted of multiple charges.

11. Counsel "was concerned that petitioner's liability, his exposure to incarceration was large...I thought he might get 6 or seven years..."

12. Counsel testified that "what drove the plea negotiations was getting the time to serve down from 6-7 years to a more manageable number..." State's Exhibit 1 supports counsel's contention that petitioner wanted to plea and in fact suggested a sentence of 3-4 years in return for a plea to "everything" with probation to continue.

13. The Court concludes Attorney Bourget was a credible witness at this hearing.

14. Counsel's trial preparation was extensive and his tactical trial strategy was well reasoned. The Court concludes his performance met the *Strickland* standard.

15. Probation revocation proceedings are not a post-sentencing proceeding pursuant to the post-conviction review statute and, therefore, cannot be challenged by a petitioner on post-conviction review. 15 M.R.S. § 2121(2); *State v. Collins*, 681 A.2d 1168, 1170 nn. 5-6 (Me. 1996).

16. Petitioner stated at his Rule 11 hearing that he understood his rights, that he was pleading guilty freely and voluntarily, and that no one had threatened him **or promised him anything in order to get him to plead guilty.** Moreover, petitioner told the presiding justice that he was satisfied with the advice and counseling he had received from his attorney. Finally, petitioner told the presiding justice that he agreed with his lawyer's representation to the Court that counsel and petitioner did not dispute the material facts as presented to the justice by the District Attorney.

17. Petitioner's dissatisfaction with the Department of Corrections' decision to restrict access between petitioner and his wife is a collateral consequence of his plea and does not render it involuntary. *Wellman v. State*, 588 A.2d 1178 (M3. 1991).

18. In applying the two-prong test, the Court may begin with the second prong regarding prejudice because if it is determined that there was no prejudice, there is no need to address the first prong regarding whether counsel's performance was deficient. *McGown, supra,* at 497.

19. The undersigned finds that petitioner was not prejudiced in the least by his trial counsel's performance both at sentencing as well as with respect to trial preparation. The Court finds attorney Bourget to be the more credible witness to the extent his testimony conflicts with that of petitioner. The concern

4

that petitioner would be exposed to a significantly lengthier period of incarceration if convicted of the various charges after trial was well-founded.

20. In summary, the Court does not find that petitioner's counsel Ronald Bourget's performance fell below that of an ordinary fallible attorney, nor does the Court find that there is any probability that, but for his attorney's "errors", petitioner would not have entered a guilty plea and would have insisted on going to trial. The Court does believe that petitioner, along with a very generous plea/sentencing offer, was motivated to plead guilty to what he plead guilty to because he thought he would be able to have contact with his wife once the cases were resolved. Whether the Department of Corrections regulations concerning contact between petitioner and his wife are appropriate are not for the undersigned to decide, however; what the Court has decided is that petitioner received effective representation at all stages of the proceedings and that petitioner's pleas were made on a knowing and voluntary basis. The Court also finds that there was more than sufficient evidence to base a conviction for all of the charges brought against the petitioner, and most obviously that there was overwhelming evidence upon which to find petitioner had violated his probation. Petitioner was fortunate to receive the sentence he did.

Date: 4/23/2015

BY _____
Robert E. Mullen, Justice
Maine Superior Court

5

SAMUEL D CAISON
          vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2013-01094

DOCKET RECORD

PL. DOB: 12/12/1983
PL. ATTY: JAMES LAWLEY                           State's Attorney: MAEGHAN MALONEY
           LIPMAN & KATZ PA
           227 WATER STREET
           PO BOX 1051
           AUGUSTA ME 04332-1051.
           APPOINTED 03/24/2014

Filing Document: PETITION                        Major Case Type: POST CONVICTION REVIEW
Filing Date: 11/18/2013

## Charge(s)

## Docket Events:

11/21/2013 FILING DOCUMENT -  PETITION FILED ON 11/18/2013

11/21/2013 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 11/18/2013

11/21/2013 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 11/21/2013

03/21/2014 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 03/12/2014
           WILLIAM R ANDERSON , JUSTICE
03/25/2014 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 03/24/2014
           THOMAS D WARREN , JUSTICE
           COPY TO PARTIES/COUNSEL
03/25/2014 Party(s):  SAMUEL D CAISON
           ATTORNEY -  APPOINTED ORDERED ON 03/24/2014

           Attorney:  JAMES LAWLEY
04/28/2014 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 03/24/2014
           M MICHAELA MURPHY , JUSTICE
05/02/2014 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 05/01/2014

05/05/2014 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/05/2014

           DA:  FERNAND LAROCHELLE
05/17/2014 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 05/16/2014

           Attorney:  JAMES LAWLEY
           SECOND SUPPLEMENTAL PETITION FOR POST CONVICTION
05/20/2014 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/20/2014

06/27/2014 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 06/27/2014
           ROBERT E MULLEN , JUDGE
           REASSIGNMENT
09/16/2014 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 09/19/2014 at 08:30 a.m.
           ROBERT E MULLEN , JUDGE
09/16/2014 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 09/16/2014

09/19/2014 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 09/19/2014
         ROBERT E MULLEN , JUDGE
         Attorney: JAMES LAWLEY
         DA: FERNAND LAROCHELLE
09/19/2014 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 09/19/2014
         ROBERT E MULLEN , JUDGE
         NO MOTIONS, 1) STATE SEEKING COURT ORDER TO BE ALLOWED TO SPEAK WITH TRIAL COUNSEL OF
         DEFENDANT. NO OBJECTION BY DEFENSE. STATE TO FILE REQUEST BY 9/22/14 2) STATE WILL FILE
         MOTION FOR MENTAL HEALTH RECORDS OF DEFENDANT 9/22/14. NO OBJECTION BY DEFENSE. PARTIES
         STIPULATE TO AUTHENTICITY OF MENTAL RECORDS.
09/19/2014 MOTION - MOTION FOR DISCOVERY FILED BY STATE ON 09/19/2014

         DA: FERNAND LAROCHELLE
09/19/2014 MOTION - OTHER MOTION FILED BY STATE ON 09/19/2014

         DA: FERNAND LAROCHELLE
         MOTION FOR DISCLOSURE
09/22/2014 OTHER FILING - WITNESS LIST FILED BY STATE ON 09/22/2014

09/23/2014 MOTION - OTHER MOTION FILED BY DEFENDANT ON 09/23/2014

         PETITIONER'S MOTION TO AMEND AND CLARIFY PETITIONER'S PETITION FOR        POST-CONVICTION
         REVIEW
10/11/2014 MOTION - OTHER MOTION GRANTED ON 09/23/2014
         ROBERT E MULLEN , JUDGE
         MOTION FOR DISCLOSURE
10/11/2014 MOTION - MOTION FOR DISCOVERY GRANTED ON 09/23/2014
         ROBERT E MULLEN , JUDGE
         COPY TO PARTIES/COUNSEL
11/03/2014 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 12/12/2014 at 08:30 a.m.

         NOTICE TO PARTIES/COUNSEL
11/03/2014 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 11/03/2014

11/03/2014 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 11/03/2014

         CERTIFIED COPY TO SHERIFF DEPT.
12/12/2014 HEARING - EVIDENTIARY HEARING HELD ON 12/12/2014
         ROBERT E MULLEN , JUSTICE
         Attorney: JAMES LAWLEY
         DA: FERNAND LAROCHELLE
         ER  TAPE 1988-
12/24/2014 OTHER FILING - OTHER DOCUMENT FILED ON 12/22/2014

         Attorney: JAMES LAWLEY
         PETITIONER'S SUMMARY OF CLAIMS
03/22/2015 OTHER FILING - TRANSCRIPT FILED ON 03/20/2015

         TRANSCRIPT OF RULE 11 HEARING
04/06/2015 OTHER FILING - TRANSCRIPT FILED ON 04/03/2015

         TRANSCRIPT OF PLEA ON 8/13/13
04/30/2015 ORDER - COURT ORDER FILED ON 04/23/2015

ROBERT E MULLEN , JUSTICE
DECISION AND ORDER AFTER PCR HEARING
04/30/2015 ORDER - COURT ORDER ENTERED ON 04/23/2015
ROBERT E MULLEN , JUSTICE
04/30/2015 FINDING - DENIED ENTERED BY COURT ON 04/23/2015
ROBERT E MULLEN , JUSTICE

A TRUE COPY
ATTEST: _____
Clerk