MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 39
Docket:        Cum-14-369
Argued:        September 16, 2015
Decided:       March 8, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

BRANDON C. HAYES

JABAR, J.

[¶1]  Brandon C. Hayes appeals from a judgment of the Unified Criminal Docket (Cumberland County, *Kelly, J.*) committing Hayes to jail pursuant to 17-A M.R.S. § 1304(3) (2015) for intentionally or knowingly refusing to pay fines assessed against him following his guilty pleas in 2008 and 2009.  We dismiss the appeal because a section 1304 hearing is a post-conviction proceeding, and Hayes's sole avenue for appeal is through post-conviction review in the Superior Court.

I.  BACKGROUND

[¶2]  On April 28, 2008, Brandon Hayes was charged by complaint with theft by unauthorized taking or transfer (Class E), 17-A M.R.S. § 353(1)(A) (2015).  He pleaded guilty to the charge on May 16, 2008.  Hayes was ordered to

pay a total of $310, and a payment plan was instituted requiring monthly payments of $20.

[¶3]  On June 16, 2009, Hayes was charged by complaint with unlawful trafficking in a schedule Z drug (Class D), 17-A M.R.S. § 1103(1-A)(H) (2015). Hayes pleaded guilty to the charge on August 20, 2009, and was assessed a $400 fine.[1]  The two fines were consolidated, and Hayes was ordered to pay twenty dollars per month.  He was also ordered to pay $120 in restitution to the Westbrook Police Department.

[¶4]  The order establishing a payment schedule for Hayes on August 20, 2009, was the first installment of a long and extensive fine-related procedural history.  Between the original sentencing date of August 20, 2009, and the order of commitment following a hearing on November 25, 2013, Hayes made numerous requests for extensions, appeared before the court on many occasions, had several warrants of arrest issued against him, and was granted numerous extensions to pay and amended payment schedules.

[¶5]  Hayes requested thirteen extensions of time to pay the fines, stating various reasons for each request.  Among other excuses, he claimed that he was

---

[1]  Title 17-A M.R.S. § 1301(6) (2015) imposes a mandatory minimum fine of $400 for any conviction pursuant to 17-A M.R.S. § 1103 (2015).

unemployed, that he was on general assistance, and that he was disabled due to mental health issues. The court granted all of his requests.

[¶6] Hayes appeared before the court on nine occasions to address his failure to pay the fines. Some of the appearances were in conjunction with his motions for extensions, and other appearances were in conjunction with warrants of arrest ordered by the court for his failure to make timely payments. The court ordered four warrants of arrest during this time period when Hayes did fail to appear. It also suspended Hayes's license to operate a motor vehicle on November 11, 2012, for non-payment of fines. During this four-year time period, Hayes made twenty-two installment payments totaling $370. After an arrest warrant was issued against him for nonpayment of restitution, Hayes satisfied that obligation in full on November 4, 2011; however, his fine obligations remained outstanding.

[¶7] On November 25, 2013, Hayes appeared before the court for a hearing pursuant to title 17-A M.R.S. § 1304 (2015), where he was required to show cause why his failure to pay the fines "was not attributable to an intentional or knowing refusal to obey the court's order or to a failure . . . to make a good faith effort to obtain the funds required for the payment." 17-A M.R.S. § 1304(3)(A). Following

4

the hearing, the court found that Hayes's failure to pay was unexcused.[2]  Hayes was committed into the custody of the Sheriff "to be given credit in the amount of $50 per day toward the fine balance."  The court stayed the commitment until May 27, 2014, to give Hayes an opportunity to avoid jail by paying the fines in full.  Hayes did not file a notice of appeal from that order.

[¶8]  After the November 2013 hearing, Hayes did not make any additional payments nor did he appear or request a further extension.  On July 16, 2014, a warrant of arrest was issued for nonpayment of the fines.  Hayes was arrested on August 8, 2014, and appeared before the District Court (*Eggert, J.*) on August 11, 2014.  The court entered an order staying the execution of the commitment pending the result of this appeal.[3]  On September 3, 2014, Hayes filed a notice of appeal.  In that notice, Hayes indicates that he is appealing the order "dated November 25, 2013, but . . . acted upon August 11, 2014."

## II.  DISCUSSION

[¶9]  Post-conviction review in the Superior Court is the sole method of review of post-sentencing proceedings.  *State v. Dodge*, 574 A.2d 892, 893 (Me. 1990).  A post-sentencing proceeding is "a court proceeding or administrative action occurring during the course of and pursuant to the operation of a sentence

---

[2]  Due to technical difficulties, a transcript of the November 25, 2013, hearing was not preserved. Hayes did not provide us with a transcript substitute.  *See* M.R. App. P. 5(d).

[3]  Hayes failed to provide a transcript of the August 2014 hearing, in contravention of an order entered by this Court on January 20, 2015.  This appeal proceeded without a transcript.

that affects whether there is incarceration or its length, including . . . default in payment of a fine or restitution." 15 M.R.S. § 2121(2) (2015). A defendant may bring an action for post-conviction review "if the [defendant] seeking relief demonstrates that the challenged criminal judgment or post-conviction proceeding is causing a present restraint or other specified impediment as described [in section 2124]." 15 M.R.S. § 2124 (2015). An order of commitment for inexcusable or knowing default on any portion of a fine is reviewable only on post-conviction review. 15 M.R.S. § 2124(1)(D); *State v. Colson*, 472 A.2d 1381, 1382 (Me. 1984).

[¶10] Hayes asserts that although 15 M.R.S. § 2121(2) includes within its definition of a post-sentencing proceeding "default in payment of a fine or restitution," his appeal should be allowed to circumvent the post-conviction review process because (1) a section 1304 hearing does not constitute a "criminal judgment" for purposes of the post-conviction statute, and (2) he is making a constitutional challenge to the process by which he was committed, rather than the commitment itself.

[¶11] The State contends that post-conviction review is the sole remedy available to Hayes and this appeal should be dismissed. It maintains that the imposition of a stayed order of commitment is a judgment for the purposes of

6

section 2121, and that a section 1304 show cause hearing qualifies as a post-sentencing proceeding within the meaning of 15 M.R.S. § 2121(2).

[¶12] Hayes's argument that a section 1304 hearing is not a criminal judgment is misplaced. The post-conviction review process encompasses both criminal judgments and post-sentencing proceedings. A section 1304 hearing is explicitly included as a post-sentencing proceeding in the post-conviction review statute. 15 M.R.S. § 2121(2).

[¶13] Although a direct appeal of a case raising constitutional issues is allowed, review of Hayes's constitutional argument would be inappropriate at this time. Due to a technical error, no transcript of the November 25, 2013, hearing exists. The appellant bears the burden of providing a record sufficient for us to consider the issues on appeal. *State v. Chesnel*, 1999 ME 120, ¶ 28, 734 A.2d 1131. We have held that where the record on an appeal of a section 1304 order is insufficient to develop constitutional issues, post-conviction review in the Superior Court is the appropriate avenue to raise and develop the issues. *Colson*, 472 A.2d at 1382. There, "the presiding justice will have the ability to develop an evidentiary record and make findings relevant to the defendant's claim." *Id.* at 1382 n.3.

[¶14] Because the November 25, 2013, hearing was a post-sentencing proceeding, we dismiss Hayes's direct appeal.

The entry is:

Appeal dismissed.

---

**On the briefs:**

Kristine C. Hanly, Esq., The Law Office of Kristine C. Hanly, LLC, Portland, for appellant Brandon C. Hayes

Janet T. Mills, Attorney General, and Donald W. Macomber, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

**At oral argument:**

Kristine C. Hanly, Esq., for appellant Brandon C. Hayes

Donald W. Macomber, Asst. Atty. Gen., for appellee State of Maine

Cumberland County Unified Criminal Docket docket numbers CR-2008-2602 and CR-2009-3041
FOR CLERK REFERENCE ONLY