WOODMAN *& ux. adm'r. vs.* WOODMAN.

Where it was agreed between a debtor and his creditor that the former should give an absolute deed of conveyance of his farm, as collateral security for the debt, and that a bond should be executed by the latter, conditioned to reconvey on payment of the money ; and the deed was executed, delivered and recorded ; but the execution of the bond was deferred to another day, before which the creditor died and so the bond was never made ;—it was holden that this was no bar to a recovery of the debt by the administrator of the creditor.

THIS was an action of *assumpsit* on a note of hand made by the defendant to *Richard Burnham*, the plaintiffs' intestate, *June* 29, 1816, for 324 dollars, payable on demand ;—and it came before this Court upon a case stated by the parties, containing the following facts.

In *June* 1820, the defendant being indebted to *James A. Harmon*, the brother in law of said *Richard*, proposed to *Harmon* to secure both the debts by means of his farm in *Hollis*, called the *Wakefield* place, and to meet them on a certain day at a designated place in *Buxton*, and execute the conveyances. *Burnham* assented to this proposition, but thought it unnecessary for himself to go to *Buxton*, observing to *Harmon* that he might act for them both. Accordingly *Harmon* met the defendant at the place

Woodman v. Woodman.

agreed, where the defendant made and delivered to him an absolute deed, purporting to convey the *Wakefield* place to him and *Burnham* as tenants in common, for the consideration of ni ... hundred dollars. It was part of the agreement of the parties that *Harmon* and *Burnham* should give back to the defendant a sufficient bond to reconvey the farm on payment of the debts due to them. But *Burnham* not being present, and no means being at hand to ascertain the amount due to him, the preparation and execution of the bond of reconveyance was postponed to another day not specified, on which the parties agreed to meet at the same place and execute the bond ; and in the mean time *Harmon* took the deed and caused it to be recorded. *Burnham* being sick, they did not meet as agreed, but deferred the business from time to time, till his death soon after wholly prevented any farther proceedings. The notes were not to be given up till paid. The defendant then and ever since occupied the farm without molestation ; and *Harmon*, on payment of the debt to him, released his moiety of the estate conveyed. The whole farm was worth nine hundred dollars ; but no consideration-money was paid, it being intended only as collateral security for the payment of the debts.

After the decease of *Burnham*, the guardian of his children took the deed from the registry; but the land was not inventoried as part of his estate.

*Greenleaf*, for the plaintiffs, argued that the deed, as it appeared by the facts agreed, was intended only in the nature of a mortgage, as collateral security for the debt ;—and this being unpaid, the existence of the deed is no bar to its recovery. Nor is the defendant remediless, if he should be compelled to pay the money. He may have his bill in equity for specific performance of the contract to reconvey, relying on the statement of facts in this case as evidence in writing of the contract. 11 *Ves.* 593. Or he may have an action for the consideration money. *Wilkinson v. Scott* 17 *Mass.* 249. Or he may contest on the ground that it was never delivered, the contract not having been completed. *Stearns v. Barrett* 1 *Pick.* 449. But if he is remediless, it is through his own inattention.

*Adams*, for the defendant.  If the agreement of the parties had been reduced to writing without seal, it would not have controlled the operation of the deed ;—much less can it, being only verbal.  *Kelleran v. Brown* 4 *Mass.* 448.  And unless the land conveyed to the intestate can be considered as payment of the debt, it is wholly lost to the defendant, the deed estopping him to claim payment of any part of the consideration. *Steele v. Adams* 1 *Greenl.* 1.  Nor would any evidence be admitted to shew that the deed was conditional, nothing of that kind appearing on its face.  *Loft.* 457.  *Albee v. Ward* 8 *Mass.* 83.  *Stackpole v. Arnold* 11 *Mass.* 27.  *Boyd v. Stone* 11 *Mass.* 342.  Neither can it be regarded as a conveyance in trust, the trust not being declared *in writing*, as the statute requires.

If the heirs of *Burnham* were now to bring a writ of entry against the defendant, to recover the land conveyed, the facts agreed in this case could not be admitted in evidence in such suit. 2 *Johns.* 179.  20 *Johns.* 134.  16 *Johns.* 110.  *Flint v. Sheldon* 13 *Mass.* 443.

Had the agreement been carried into effect, the intended bond of defeasance would have controlled the deed, and constituted it a mortgage ; which would now have been foreclosed, and the debt of course extinct ;—and this is all which is sought by this defence, though the land is found to be of far greater value than the debt.

At the ensuing *August* term in *Oxford,* the opinion of the Court was delivered by

MELLEN C. J.  It is certain that the facts in this case furnish evidence of strange inattention in the parties to the formation of their contract and the arrangements concerning it ; and if legal difficulties exist which may prevent the accomplishment of their intentions, and give to one of the parties an advantage to the prejudice of the other, the law is not answerable for these consequences.  All persons are presumed to know the law ; and they must govern themselves by legal principles in their contracts and transactions with each other ;  and by such principles must Courts be governed in the construction of these contracts, and in

Woodman *v.* Woodman.

their decisions upon the rights of parties ; whether the contracts were made discreetly or indiscreetly, or whether such construction will effectuate their real intention, or in some respects defeat it. And we must decide this cause upon the facts which belong to it ; and leave other questions and other causes, which may be consequent upon our judgment in this, to be settled upon their own merits, and the principles which apply to them, when regularly brought before us.

It is not necessary now to inquire whether there has been, or was intended to be, any delivery of the deed or conveyance in question to *Burnham* and *Harmon*, for the purpose of giving it legal effect and operation to pass the estate to the grantees absolutely or conditionally. Because, if it was a valid and effectual conveyance, intended merely as a mortgage or collateral security, as the counsel in the statement seem to have agreed ; still that fact would not constitute a legal defence in this action ; for a mortgagee may elect to sue his personal security, and still hold the mortgage.

Nor can it avail the defendant if the conveyance was valid and absolute, upon the facts before us ; because there is no proof that the deed was given in payment of the debt due from the defendant to the intestate. Indeed, it is stated expressly that it was not ; for the agreement was, that the notes were not to be given up till paid.

Again, if the deed was never delivered to the grantees, that would furnish no defence against the present action.

The consideration is not disputed ; a part of the sum for which the notes were given has been paid ; and the defendant has promised to pay the balance, and this promise was distinctly made more than four years after the deed was given, which is now relied upon as payment in itself, and yet the notes have not been given up. We can perceive no grounds on which a defence to this action can rest. If there are difficulties with respect to the title of the lands in question, under which the defendant labors, whatever remedy he may have in law or equity, must be the subject of consideration in some future proceeding.

*Let a default be entered.*