2003 ME 112

**STATE of Maine**

v.

**Mary SPENCER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 9, 2003.

Decided: Sept. 12, 2003.

---

Evert N. Fowle, District Attorney, Paul Rucha, Asst. Dist. Atty., Augusta, for State.

Walter F. McKee, Esq., Lipman, Katz & McKee, P.A., Augusta, for defendant.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Mary Spencer appeals from the Superior Court's (Kennebec County, *Marden, J.*) denial of her motion to modify the conditions of her probation. She argues that (1) the court utilized an incorrect standard in reviewing her motion and (2) that the court was compelled to find that the condition at issue was an unreasonable burden upon her. We affirm the decision of the Superior Court.

## I. BACKGROUND

[¶ 2] In 1993, Spencer killed two people while driving drunk. At the time of the crash, she had a blood-alcohol level of .18 and her two children were in the car with her. She was convicted of vehicular manslaughter and aggravated OUI in December 1995. For the manslaughter, the Superior Court (*Alexander, J.*) sentenced her to imprisonment for twelve years, with six years suspended, a five-year suspension of her driver's license, and six years of probation.

[¶ 3] Among the conditions of her probation were the following: she shall "not operate or attempt to operate any motor vehicle ... until properly licensed[,] registered and insured by the Secretary of State" and "*[a]ny vehicle that the defendant may own* should have an interlocking device." (Emphasis added.) However, the language of the written order was inconsistent with the trial justice's broader language at the sentencing hearing: "that [Spencer] not operate a motor vehicle, without proper license, registration and insurance, and also, that *the motor vehicle,* if operated, be properly equipped with an interlock device." (Emphasis added.)

[¶ 4] Following her release from prison, Spencer moved to modify the condition of her probation related to the interlock device, asking the court to eliminate that requirement because she was having difficulty locating an interlock device. The Superior Court (*Mills, C.J.*) first ordered that the language of the written probation order be amended to reflect the sentencing judge's requirement that *any* vehicle that Spencer may drive must have an interlock device and then denied Spencer's motion to delete that condition of probation.

[¶ 5] Less than two years later, Spencer again moved to modify the conditions of her probation asserting that the interlock device she was using malfunctioned regularly, and that locating repair professionals had proved almost impossible. After the hearing, the Superior Court (*Marden, J.*) entered an order denying the motion. In the order, the court concluded that the original sentencing judge intended to prevent Spencer from driving unless her sobriety could be assured, even if the interlock device was unavailable. The court noted that the sentencing court had "commented on [Spencer's] 19 years of heavy drinking, her history of awareness of serious consequences of operating a motor vehicle while under the influence, and evidence of the defendant receiving warnings with respect to her drinking and driving." The motion court also noted that the issues raised by Spencer in her previous motion to modify the conditions of probation were "precisely the same issues presented in the present motion." Ultimately, the motion court's "fundamental conclusion" was that "Mrs. Spencer does not have the ability, absent some significant effort, to control her consumption of alcohol." Therefore, notwithstanding the fact that the presence of the interlock condition might result in the inability of Spencer to operate a car at all during her remaining probationary period, the court denied the motion to eliminate that condition. Spencer appeals that denial.

## II.  DISCUSSION

[¶ 6] We review the motion court's construction of law de novo, *State v. Nastvogel,* 2002 ME 97, ¶ 6, 798 A.2d 1114, 1117, and factual findings in support of a decision to modify or to decline to modify conditions of probation for clear error. *State v. Collins,* 681 A.2d 1168, 1171 (Me. 1996).

[¶ 7] Spencer argues that the Superior Court applied a standard not authorized by the statute when it evaluated her motion to modify the conditions of her probation. Specifically, she argues the court should have used the "unreasonable burden" standard found in the statute and not a "change in circumstances" standard. She also argues that, regardless of what standard is used, the court should have granted her motion.

[¶ 8] A court addressing a motion to modify conditions of probation has three options. It may modify a condition, add a condition, or relieve the defendant from a condition entirely. 17–A M.R.S.A. § 1202(2) (Supp.2002). When the court is asked to relieve the defendant entirely of a specific condition, it "may" do so if it concludes that the requirement "imposes on the person an unreasonable burden." *Id.*

■ [¶ 9] Here, Spencer requested that the court relieve her of the condition of using an interlock device, and thus the court had the authority to eliminate that requirement if it concluded that the condition imposed an unreasonable burden on Spencer. Although not specifically stated, the court's order leads to the inescapable conclusion that the burden of using an interlock device or refraining from driving is not unreasonable on the facts of this case. Spencer's long history of drinking *and driving,* the resulting deaths of two people, her history of placing her own children in danger, and her inability to control her use of alcohol combined to make it reasonable to require that she not drive during her probation unless her sobriety can be assured.

[¶ 10] Spencer argues, nonetheless, that the motion court erred in its written opinion because it based its decision in part on her failure to demonstrate a "change of circumstances." Given that Spencer had previously moved to eliminate the interlock

requirement on the same grounds presented to the court in her current motion, it would not have been inappropriate for the court to have denied the motion because nothing had changed since the last motion hearing. Because the court connected the lack of changed circumstances to the time of the original sentencing, however, Spencer argues that the standard was not appropriately applied in light of the "unreasonable burden" language of 17–A M.R.S.A. § 1202(2).

■ [¶ 11] We need not determine whether a court may ever consider the lack of changed circumstances in addressing a motion to eliminate a condition of probation. Even if it were inappropriate to utilize a change of circumstances standard in this matter, and we make no determination on this issue, any error would be harmless because the burden of the condition was not unreasonable. M.R.Crim. P. 52(a); *see also State v. White*, 2002 ME 122, ¶ 16, 804 A.2d 1146, 1150 (upholding the trial court when it was "highly probable that the error did not affect the outcome of the trial"). Therefore, we conclude that the court did not err in denying the motion to eliminate the interlock device requirement.

The entry is:

Judgment affirmed.