2010 ME 33

**STATE of Maine**

v.

**Gilbert E. TELFORD.**

Supreme Judicial Court of Maine.

Argued: Jan. 13, 2010.
Decided: April 8, 2010.

---

Walter F. McKee, Esq., James A. Billings, Esq. (orally), Lipman, Katz & McKee, P.A., Augusta, ME, for Gilbert Telford.

Norman R. Croteau, District Attorney, Joseph M. O'Connor, Asst. Dist. Atty. (orally), South Paris, ME, Janet T. Mills, Attorney General, Donald W. Macomber, Asst. Atty. Gen., Augusta, ME, for State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

Majority: SAUFLEY, C.J., and ALEXANDER, LEVY, and MEAD, JJ.

Concurrence: SILVER, and JABAR, JJ.

MEAD, J.

[¶ 1]   Gilbert E. Telford appeals from a judgment of the Superior Court (Oxford County, *Cole, J.*) amending the conditions of his probation by adding an additional condition at the request of his probation officer.   Telford argues that the plea agreement he entered into with the State on the underlying indictment constituted a contract that the State could not breach by requesting additional probation conditions after the initial entry of judgment.   We affirm the judgment amending the conditions of his probation.

## I.  BACKGROUND

[¶ 2]   In January 2008, Telford pleaded guilty to an indictment charging him with possession of sexually explicit material (Class C), 17–A M.R.S. § 284(1)(C) (2009).   Pursuant to a plea agreement, he was sentenced to five years imprisonment, with all but six months suspended, and six years of probation.   Three special conditions of probation were imposed, forbidding Telford from possessing a personal computer, requiring that he forfeit the computer equipment used in the commission of his crime, and requiring him to comply with sex offender registration requirements.   In July 2008, Telford's probation officer, who was not involved in the plea negotiations, moved to amend the conditions of probation by adding three new conditions:  (1) that Telford complete a sex offender evaluation;  (2) that he follow its recommendations;  and (3) that he submit

to random searches for sexually explicit material. Telford opposed the motion.[1]

[¶ 3] The Superior Court held a hearing on the motion in January 2009, almost one year after sentencing. The State acknowledged that at Telford's sentencing hearing it failed to request the three conditions it now sought, agreed that the proposed new conditions were not part of the original sentence imposed by the court, and advised that Telford had complied with the terms of his probation thus far. Telford acknowledged that there were no specific plea negotiations ruling out the additional conditions. Telford's probation officer testified that he considered the existing conditions to be inadequate to allow proper supervision because he had no ability to determine the best services for Telford, and no mechanism for verifying that he was not in possession of a personal computer.

[¶ 4] The court concluded that the absence of the conditions sought by the probation officer was an inadvertent omission by the parties and granted the State's motion in part, ordering only that Telford complete a sex offender evaluation and that he submit to random searches for pornographic materials. It declined to order compliance with recommendations that might result from the evaluation, saying that it preferred to see the results before doing so. This appeal followed.

## II. DISCUSSION

[¶ 5] Telford argues that his plea agreement with the State constituted a contract, and because the additional conditions of probation the State later sought were not part of that agreement, the Superior Court erred in imposing them. The State counters that the court's action was authorized by 17–A M.R.S. § 1202(2) (2009), and was not barred by our decision in *State v. Russo*, 2008 ME 31, 942 A.2d 694.

[¶ 6] The Legislature has explicitly provided for post-sentencing modification of conditions of probation, and for the early termination of probation altogether:

> 2. During the period of probation specified in the sentence . . . and upon application of a person on probation or the person's probation officer, or upon its own motion, the court may, after a hearing . . . modify the requirements imposed by the court . . . add further requirements authorized by section 1204 or relieve the person on probation of any requirement imposed by the court . . . that, in its opinion, imposes on the person an unreasonable burden.
>
> . . . .
>
> 3. Once the period of probation has commenced, on motion of the probation officer, or of the person on probation, or on its own motion, the court may terminate at any time a period of probation and discharge the convicted person at any time earlier than that provided in the sentence . . . if warranted by the conduct of such person.

17–A M.R.S. § 1202(2), (3) (2009); *see State v. Spencer*, 2003 ME 112, ¶ 8, 831 A.2d 419, 421 ("A court addressing a motion to modify conditions of probation has three options. It may modify a condition, add a condition, or relieve the defendant from a condition entirely.").

[¶ 7] We have held that no change in circumstances or triggering action by the probationer is required before a court may add conditions of probation. *See*

1. Telford has not sought to withdraw his plea or otherwise challenge the voluntary or knowing nature of his plea. He argues only that the probation officer's request for modification of the conditions of his probation cannot be countenanced by this Court.

*State v. Collins,* 681 A.2d 1168, 1170 (Me. 1996). Instead, "[w]hen presented with a request to modify a condition of probation, the trial court must find that the requested condition would advance one of the purposes set forth in [17–A M.R.S. § 1204]." *Id.* at 1170–71; *see* 17–A M.R.S. § 1202(2). The court's findings of fact in support of its decision to modify probation conditions are reviewed for clear error. *Spencer,* 2003 ME 112, ¶ 6, 831 A.2d at 421.

[¶ 8] Here the Superior Court ordered that Telford submit to a sex offender evaluation and to random searches for pornographic material after finding that "[t]his is a serious situation and I want to make sure that his rights are protected, but also that the public is protected." The court's concern was supported by information presented by the State at the original sentencing hearing and at the motion hearing that Telford's collection of child pornography was described by the Computer Crimes Task Force as the largest collection of child pornography it had encountered, consisting of some 7500 images and videos. The Legislature has specified that a court's broad sentencing authority includes the discretion to impose as a condition of probation "any . . . condition[ ] reasonably related to the rehabilitation of the convicted person or the public safety or security." 17–A M.R.S. § 1204(2-A)(M) (2009). On this record, the court did not err in finding that the additional conditions sought by the State satisfied the statute.

[¶ 9] Telford does not dispute that the additional conditions added by the court are reasonably related to the purposes of his probation. He contends, instead, that they could not be imposed because they were not part of his plea agreement with the State. Because the additional conditions advanced one of the purposes set forth in section 1204, the court's decision to add them was authorized by section 1202(2). 17–A M.R.S. §§ 1202(2), 1204(2-A)(M). Accordingly, the court's judgment will stand unless Telford is correct in asserting that contract analysis both trumps the statute and favors his position. Neither assertion is true.

[¶ 10] In *State v. Russo,* we reiterated that "[p]lea agreements are contracts and contract principles apply when interpreting them," before holding that on the facts of that case, the State's conduct constituted a "substantial breach" of the plea agreement. 2008 ME 31, ¶¶ 9, 14, 17, 942 A.2d at 697, 698, 699 (quotation marks omitted). In this case, the plea agreement is not implicated. Unlike the defendant in *Russo,* who was indicted after he bargained to avoid being indicted, Telford received precisely what he bargained for when he was sentenced, and the State has not sought to alter the original judgment.

[¶ 11] Section 1202(2) embodies a legislative determination that the State and the defendant in a criminal case both face the possibility that the terms or length of a probationary period may be changed after sentencing. Conditions of probation may be modified, added, or eliminated, or a court may terminate probation altogether. *Spencer,* 2003 ME 112, ¶ 8, 831 A.2d at 421; 17–A M.R.S. § 1202(3). Almost from the time of statehood, we have said that a party to a contract is bound by the terms of the law that govern the subject matter of the contract, regardless of whether the contract expressly refers to them.[2]

---

2. *See Woodman v. Woodman,* 3 Me. 350, 352–53 (1825) ("All persons are presumed to know the law; and they must govern themselves by legal principles in their contracts and transactions with each other; and by such principles must Courts be governed in the construction of these contracts, and in their decisions upon the rights of parties. . . ."); *Howe v. Bradley,* 19 Me. 31, 34 (1841) ("Parties are presumed to know and to make their contracts with

[¶ 12] In this instance, Telford is presumed to have been aware when he entered into his plea agreement of the possibility that by operation of statute additional conditions could be added to his original conditions of probation, just as the State is presumed to have known that the original conditions could be deleted or Telford's probation terminated before it fully ran.[3] In contract terms, those possibilities were part of the bargain. Neither party can be heard to complain that one of the possibilities came to pass, so long as the Superior Court acted in accordance with section 1202(2). Because the court did act in accordance with the statute, Telford's argument that the imposition of additional conditions was barred because that action constituted a breach of the plea agreement fails.

The entry is:

Judgment affirmed.

JABAR, J., with whom SILVER, J., joins, concurring.

[¶ 13] I concur in and join the Court's decision to affirm the Superior Court's judgment. I agree with the Court that the trial court has the authority pursuant to 17–A M.R.S. § 1202(2) (2009) to entertain motions to amend conditions of probation and to impose special conditions of probation not imposed at the time of sentencing.

I also agree that no change of circumstances is required for a court to grant a motion for additional conditions. *See State v. Collins,* 681 A.2d 1168, 1170 (Me.1996). However, I believe that when the defendant alleges that the addition of special conditions to his probation violates a plea agreement, the court must consider whether the imposition of these additional conditions would constitute a substantial breach of the plea agreement.

[¶ 14] Plea agreements are a significant part of the criminal justice system. *State v. Russo,* 2008 ME 31, 942 A.2d 694 and *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) make this very clear. In *Santobello,* the United States Supreme Court stated:

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

404 U.S. at 262, 92 S.Ct. 495. In *Russo,* we held that the express terms of a plea agreement must be upheld when the State commits a "substantial breach" of the

---

reference to the state of the law at the time."); *So. Boston Iron Co. v. Boston Locomotive Works,* 51 Me. 585, 589 (1862) ("the party contracting is presumed to be conusant of the laws of the place where he is, and he must know that his contract is to be judged … according to those laws which are supposed to be an element in the contract itself").

3. The record in this matter is devoid of any evidence suggesting that Telford was actually aware, or unaware, of this possibility. His counsel does not argue that a defendant's knowledge, or lack thereof, informs the issue

before the Court. Maine Rule of Criminal Procedure 11 does not require that a sentencing court imposing a period of probation pursuant to a plea agreement explicitly advise a defendant that the original probation conditions may be changed by the court if statutory requirements are satisfied, and today's decision does not impose such a requirement. Nevertheless, best practices suggest that a court should advise a defendant of that not uncommon possibility, or ascertain that counsel has done so.

agreement. 2008 ME 31, ¶ 17, 942 A.2d at 699.

[¶ 15] Although contract principles apply when interpreting plea agreements, the real test is whether the defendant knowingly and voluntarily entered a guilty plea. *See* M.R.Crim. P. 11. The terms of the plea agreement are an essential component of this determination and are scrutinized more closely than commercial contracts "because the defendant's fundamental and constitutional rights are implicated." *State v. Murphy*, 2004 ME 118, ¶ 9, 861 A.2d 657, 661 (quotation marks omitted). If there is any ambiguity regarding the terms of the plea agreement, it is resolved in favor of the defendant. *See id.*; *Russo*, 2008 ME 31, ¶ 17, 942 A.2d at 699.

[¶ 16] In *Santobello*, the Supreme Court discussed the remedies that are available to a defendant whose plea agreement was violated. In some circumstances specific performance is a possibility, and in others the only remedy is the withdrawal of the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. 495. The *Santobello* Court left it to the discretion of the trial court to decide whether there can be specific performance of the plea agreement or whether the defendant should be entitled to withdraw his plea. *Id.* at 262–63.

[¶ 17] Here, the Court states that Telford is presumed to have been aware of the possibility that additional conditions could be imposed. The Court indicates that unless the plea agreement specifically rules out the possibility of special conditions being added in the future, the State is free to request the addition of special conditions of probation.

[¶ 18] I do not believe that this is the practice between prosecutors and defense attorneys in this state. Neither the inclusion of specific conditions of probation nor the absence of special conditions of proba-

tion in plea agreements leaves the door open for the possibility that special conditions could be added in the future. Special conditions of probation may range from simple matters such as additional reporting requirements to onerous conditions such as house arrest. They could involve the defendant giving up his Fourth or Fifth Amendment rights. The number and type of special conditions that may be imposed in a particular case is expansive. The Court's decision will have a dramatic impact upon the present practice among prosecutors, defense counsel, and the trial courts in dealing with special conditions of probation that are part of plea agreements.

[¶ 19] Commonly, prosecutors and defense attorneys exchange letters in order to document the agreement reached between them and to explain the agreement to the court during the Rule 11 sentencing proceeding. Telford's attorney received a letter from the Assistant District Attorney documenting the agreement reached by the parties. The letter indicated that the State would recommend a special condition of probation, namely, that Telford could not possess a computer. Telford pleaded guilty in the Superior Court and during the Rule 11 sentencing proceeding, the court confirmed that there was a plea agreement and one of the provisions was that Telford would be placed on probation with a special condition. The possibility of additional future conditions is not contained in the prosecutor's letter documenting the plea agreement between the State and Telford, and it was not mentioned during Telford's Rule 11 sentencing proceeding.

[¶ 20] In this case, Telford did not get what he bargained for. The addition of a sex offender evaluation and random searches for sexually explicit material were not part of the plea agreement entered

into between Telford's attorney and the prosecution. Notwithstanding my belief that Telford did not get what he bargained for, the question that remains is whether the addition of special conditions represented a substantial breach of the plea agreement. *See Russo,* 2008 ME ¶ 31, 17, 942 A.2d at 699.

[¶ 21] Although Telford's attorney strenuously argued that the addition of the special conditions violated his plea agreement, I do not believe that the additional conditions would constitute a substantial breach of his plea agreement. The trial court did not make any specific findings regarding Telford's plea agreement except to state that the absence of a condition requiring a sex offender evaluation was "more of an omission considering the nature of the charges."

[¶ 22] Telford pleaded guilty to a Class C felony, possession of sexually explicit materials. Facing a maximum sentence of five years, Telford agreed to plead guilty in exchange for the State's recommendation that he receive a sentence of five years, with all but six months suspended. He was also put on probation for six years with a special condition that he not be allowed to possess a personal computer or related peripherals. In view of the potential sentence that he could have received, the addition of a sex offender evaluation and random searches for pornographic materials cannot be said to be a substantial breach of his plea agreement. Looking at the facts objectively, it is hard to imagine that Telford would not have entered into the plea agreement had these two conditions been required at the time of sentencing.

[¶ 23] Although I agree with the Court's decision to affirm the judgment, I do not agree with its analysis surrounding the trial court's obligation to ascertain whether or not a defendant's plea agree-

ment has been violated. When deciding whether special conditions should be added to the defendant's probation, and when the defendant alleges that the requested conditions are in violation of a plea agreement, the trial court should always determine whether there is a substantial breach of the plea agreement. The court should not presume that the defendant is charged with the knowledge that special conditions may be added notwithstanding a plea agreement.