MAINE SUPREME JUDICIAL COURT                                      Reporter of Decisions
Decision:      2015 ME 52
Docket:        Cum-14-363
Argued:        April 10, 2015
Decided:       May 7, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

JONATHAN COLLINS

HJELM, J.

[¶1]     Jonathan Collins appeals from an order of the trial court (*Moskowitz, J.*) amending the conditions of his probation to prohibit him from having contact with his minor son unless specifically permitted by the court. Collins argues that the amendment constituted an abuse of the trial court's discretion and improperly interfered with his constitutional parental rights. We affirm the order.

I.  BACKGROUND

[¶2]  The relevant facts are not in dispute. *See State v. Russo*, 2008 ME 31, ¶ 2, 942 A.2d 694.  Collins was indicted on January 11, 2013, for two counts of unlawful sexual contact (Class A), 17-A M.R.S. § 255-A(1)(F-1) (2014), committed against his son and stepson.  In June 2013, Collins pleaded guilty to two counts of misdemeanor assault (Class D), 17-A M.R.S. § 207(1)(A) (2014), and the

State dismissed the two original charges. The court imposed a suspended sentence of 364 days to the Cumberland County Jail and one year of probation for each of the two assault counts, to be served consecutively. The conditions of probation prohibited Collins from having any contact with his stepson, and prohibited contact with his son "unless supervised by a [third] party non-family member or by agreement [with] family court [and] probation." Collins was also ordered to complete a "sex offender evaluation" and undergo "individualized treatment (sex offender)."

[¶3] On March 31, 2014, Collins filed a motion to amend the conditions of probation, alleging that his probation officer would not permit him to have contact with his son and seeking expanded rights of contact. Then, in May 2014, while Collins's motion was still pending, the Department of Corrections, which administers probation services, 34-A M.R.S. § 5401 (2014), issued a blanket directive prohibiting probation officers from determining if probationers should have contact with victims. As a result, the condition of Collins's probation predicating contact on permission from the family court and his probation officer could not be implemented.

[¶4] At a conference of the parties held on June 6, 2014, the court ordered that, pending a hearing on Collins's motion, the probation condition governing contact with the victims "is amended by agreement to read: no contact, direct or

indirect, with [Collins's stepson]. No contact with [Collins's son] direct, or indirect, except as may be ordered by the court." The court also scheduled a hearing on Collins's motion to modify.

[¶5] At the hearing, held on August 18, 2014, Collins requested that the court modify the condition of probation to mirror a contact order that had been issued in an action to determine Collins's parental rights and responsibilities. Collins told the court that the order allowed him to have "frequent and regular contact" with his son if it were supervised by a third party who is not a member of the family.[1] Also, although he had already pleaded guilty to the two assault charges, Collins maintained his innocence. The State argued that the court should prohibit contact between Collins and his son.

[¶6] During the hearing, the court considered a letter that Collins's counselor had provided to him, indicating that during therapy sessions, Collins stated that he does not believe that psychotherapy would be beneficial, denied harming either victim, "close[d] down, [became] irritable," and, on advice of counsel, refused to take a polygraph examination. The child's mother addressed the court and stated that she had agreed to supervised visitation in the parenting action only because she expected that the probation officer would oversee Collins's

---

[1] The record does not include copies of the order issued by the District Court in the parenting action. Rather, it contains only the parties' description to the court of some of its terms.

4

treatment and that Collins would be allowed to have contact with the child if he was doing well on probation and in counseling. She also told the court that since the child stopped having contact with Collins, troubling aspects of the child's behavior had improved.

[¶7] At the conclusion of the hearing, the court denied Collins's motion and ordered that the June 6 order would continue to govern his rights of contact with his son—that is, Collins was prohibited from having any contact with his son except as specifically permitted by the court. The court found that Collins's counseling was "really slow at best and very, very difficult. It really doesn't seem that treatment has been that productive at all." Determining from this and other circumstances that contact with Collins would expose the child to psychological harm, the court found that even supervised contact was not appropriate. The court, however, expressly reserved to Collins the opportunity to seek modification of the order if he was able to demonstrate that counseling has become productive and that he has developed insight into

> this offense and how it affects the children and how it affects himself, and if he has some understanding of how he should comport himself when he has contact with his children, specifically [his son]. And perhaps, if [his son's] counselors concur that supervised contact makes sense, then perhaps the condition of probation can be amended to allow for that. But given what I know now, we're nowhere near there especially when – in light of the letter that [Collins's counselor] sent to Mr. Collins.

[¶8]  Collins appeals the court's order.

## II. DISCUSSION

[¶9]  As his central challenge to the court's order foreclosing contact with his son absent specific judicial approval, Collins argues that the court abused its discretion because, he contends, the evidence did not warrant that restriction, and because the District Court, in a collateral parenting action, had already allowed him to have supervised contact with his son.[2]

[¶10]  The Legislature has given the courts a broad range of dispositional authority when adjudicating motions to modify conditions of probation:

> During the period of probation specified in the sentence . . . , and upon application of a person on probation or the person's probation officer, or upon its own motion, the court may, after a hearing . . . , modify the requirements imposed by the court . . . , add further requirements authorized by section 1204 or relieve the person on probation of any requirement imposed by the court . . . that, in its opinion, imposes on the person an unreasonable burden.

17-A M.R.S. § 1202(2) (2014).  In other words, "[a] court addressing a motion to modify conditions of probation has three options.  It may modify a condition, add a condition, or relieve the defendant from a condition entirely."  *State v. Spencer*,

---

[2]  In his brief on appeal, Collins also argues that the court was not authorized to modify the conditions of probation to make them more restrictive than the terms of the plea agreement that led to the convictions.  At oral argument, however, Collins clarified that he is arguing only that the court's disposition of his motion to modify constituted an abuse of discretion.  Even if Collins pressed an argument that the court acted beyond its power, it would be unavailing because, for the reasons set out in this opinion, the court's modification of the terms of probation was within its statutory authority and therefore lawful.  *See State v. Telford*, 2010 ME 33, ¶¶ 9-12, 993 A.2d 8 (conditions of probation may be modified even when they were the product of a plea agreement, if the modification is authorized by 17-A M.R.S. § 1202 (2014)).

2003 ME 112, ¶ 8, 831 A.2d 419. When modifying probation conditions, a court is only required to consider and promote any of the objectives of probation found in 17-A M.R.S. § 1204 (2014). *State v. Telford*, 2010 ME 33, ¶ 7, 993 A.2d 8. On an appeal from a decision to modify probation, we review the record for clear error. *Id.*

[¶11] Section 1204 expressly authorizes the court to impose conditions of probation that prohibit the offender from "consorting with specified persons" and that satisfy any condition "reasonably related to the rehabilitation of the convicted person or the public safety or security." 17-A M.R.S. § 1204(2-A)(F), (M). We have held that these statutory provisions allow a court to prohibit a person convicted of sexual assaults against a child from having contact with most children, because such a restriction "furthers the rehabilitation process by reducing the risk of [the offender] committing further crimes against minors, and protects the public safety." *State v. Coreau*, 651 A.2d 319, 321 (Me. 1994).[3]

[¶12] At the motion hearing, the court considered the information presented by the parties, and then, specifically citing section 1204 and *Coreau*, carefully applied that information to the statutory and decisional framework that governs

---

[3] In *State v. Coreau*, we held that the condition of probation prohibiting all contact between Coreau and his own children, who were not the victims of his crimes, was overbroad because there was no evidence that supervised contact would place his children at risk and because some contact would help stabilize Coreau's family. 651 A.2d 319, 321-22 (Me. 1994). This aspect of the holding in *Coreau* is inapposite here because Collins assaulted his own child, which gave the court a reasonable basis to be concerned that the victim would be harmed further if Collins had contact with him.

conditions of probation. In framing the issues that were important to its adjudication of the motion, the court described the new Department of Corrections policy not to assess whether a probationer should have contact with a victim as the loss of a "safeguard," which assumed heightened importance because Collins's assaults against his son and stepson were sexual, even though the convictions themselves were for assaults of an unspecified nature. The court also found that Collins had not benefited from counseling, continued to deny any culpability, and had not yet recognized the harm he had caused to the two victims.

[¶13] Although a change of circumstances is not a necessary predicate to a change in probation conditions, *Telford*, 2010 ME 33, ¶ 7, 993 A.2d 8, the court here was faced with a situation where Collins, a convicted offender who refused to acknowledge that he had victimized his son, was supervised by a probation officer who was no longer available to make judgments about whether contact with the victim was appropriate. The court's decision to prohibit contact under any circumstances absent specific judicial approval was supported by the evidence and was clearly responsive to the statutory purposes of probation. The court's ruling on Collins's motion to modify therefore was not erroneous, much less clearly erroneous.

[¶14] Collins contends that the court erred by declining to defer to the parenting order issued in the family proceeding that allowed him to have "regular

and frequent" supervised contact with his son. He argues that the justification for the criminal justice system's interference with his constitutional right to parent is diminished because in the parenting action a court had already addressed the issue of the victim's safety, eliminating the need for further governmental intrusion through the criminal case.

[¶15] Collins's argument fails for two reasons. First, as a doctrinal matter, the State is not bound by a judicial determination made in a proceeding to which neither it nor a privy is a party. *See State Mut. Ins. Co. v. Bragg*, 589 A.2d 35, 37 (Me. 1991); *State v. Spearin*, 463 A.2d 727, 729-30 (Me. 1983), *overruled in part on other grounds by State v. Walker*, 510 A.2d 1064 (Me. 1986) (applying the doctrine of collateral estoppel to criminal proceedings). This consideration is particularly important because the State's interests and objectives may not be fully aligned with those of either parent in a civil family action. Therefore, the contact order issued in the parenting action did not bind the State and left it free to argue in support of greater contact restrictions than were contained in the parental rights order, and similarly the court in the criminal action was also not bound by the prior parenting order.

[¶16] Second, Collins's argument does not account for the essential differences between a parental rights action and a criminal case where the perpetrator and victim are members of the same family. It cannot be disputed that

Collins's right to parent his child is of constitutional magnitude. *See Rideout v. Riendeau*, 2000 ME 198, ¶ 18, 761 A.2d 291. We have repeatedly acknowledged that "parents have a fundamental liberty interest to direct the care, custody, and control of their children." *Pitts v. Moore*, 2014 ME 59, ¶ 11, 90 A.3d 1169 (quotation marks omitted); *see Troxel v. Granville*, 530 U.S. 57, 65 (2000). However, this right consists of heightened protection, not absolute protection, from governmental inference with matters affecting "family integrity." *Rideout*, 2000 ME 198, ¶ 19, 761 A.2d 291. Protecting a child from harm is a compelling governmental interest that justifies narrowly tailored restrictions on a parent's rights. *Id.* ¶¶ 19, 23.

[¶17] The touchstone of a court's decision on parenting issues in a family action is the best interest of the child. *See* 19-A M.R.S. § 1653(3) (2014); *Daggett v. Sternick*, 2015 ME 8, ¶ 11, --- A.3d ---. In a criminal proceeding, when a minor child is the victim of a crime committed by a family member, the child's physical safety and psychological well-being must be compelling considerations for the sentencing court to address. *See* 17-A M.R.S. §§ 1151(8)(A), 1204(2-A)(F), (M) (2014); *cf. Coreau*, 651 A.2d at 321. Therefore, in situations involving child abuse, the issue of the child's best interest is common to the two types of court proceedings.

[¶18]   In the criminal setting, however, the Legislature has identified additional factors for the court to consider in fashioning a sentence, including, for example, punishment, specific deterrence, and public safety.  17-A M.R.S. § 1151 (2014).  When a sentence includes a period of probation, the court must impose conditions designed to rehabilitate an offender who has the capacity to benefit from "the supervision, guidance, assistance or direction that probation can provide."  *State v. Black*, 2007 ME 19, ¶ 14, 914 A.2d 723 (quotation marks omitted).  Probation carries aspects that are both rehabilitative and punitive, *id.*, which go beyond the parental rights analysis that centers on a child's best interest. The considerations that influence the terms of a sentence imposed against a parent in a criminal case, including the probation component of a sentence, are therefore not coextensive with those that influence a court's judgment on parental rights.

[¶19]   Consequently, the exercise of judicial authority over Collins's parental rights in the family law proceeding does not eliminate the justification for an additional layer of governmental involvement through the criminal action. When framed properly, conditions of probation affecting an offender's rights of contact with his child who is the victim of the offender's violent conduct are "narrowly tailored to serve a compelling state interest" and do not unconstitutionally infringe on the offender's parental rights.  *Rideout*, 2000 ME 198, ¶ 19, 761 A.2d 291; *see also Pitts*, 2014 ME 59, ¶ 12,

90 A.3d 1169; *United States v. Smith*, 436 F.3d 307, 308-11 (1st Cir. 2006) (concluding that, in a case where the defendant's conditions of supervised release prohibited contact with his child, "a sentencing court can infringe upon a convicted felon's liberty . . . by imposing conditions of supervised release" and that such conditions "limit[ing] a convicted felon's liberty do[] not render them invalid."); *Commonwealth v. LaPointe*, 759 N.E.2d 294, 298 (Mass. 2001) (holding that "[p]arental rights are not absolute and they may be restricted by probation conditions" (citations omitted)).[4]  Therefore, a court's determination of parental rights in a family law proceeding is not dispositive of sentencing issues, including probation, in a related criminal prosecution of a parent.

[¶20]  Here, as the court in the parental rights action presumably did, the court that acted on Collins's probation motion properly placed substantial weight on the victim's best interest, concluding that even supervised contact with Collins would create the risk of psychological harm. The criminal court also, however, went beyond this factor and noted that Collins had made no meaningful rehabilitative strides through counseling and that Collins did not believe counseling would benefit him.  Although this evidence could be pertinent to a

---

[4]  The court's decision to prohibit contact between Collins and his son is not permanent.  As the court made clear in its order, Collins maintains the right to seek a modification of that prohibition if he can demonstrate that he is progressing in counseling.  In this way, the court ensured that the restrictions on Collins's parenting rights were a "narrowly tailored" response to the present circumstances and are subject to change when Collins is less of a threat to his son's safety.

determination of parental rights and responsibilities, it bears more closely on the central probationary objectives of rehabilitation, deterrence, and public safety, and thus is entitled to greater weight in a criminal case. While it was proper for the criminal court to consider the order issued in the parental rights action, it was not limited by that decision and properly considered the entire record, of which that court order was a part. Accordingly, the court did not unconstitutionally infringe on Collins's parental rights when it increased the restrictions on his rights of contact with his son that had been set by a court in a separate judicial proceeding.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Verne E. Paradie, Jr., Esq., Lewiston, for appellant Jonathan Collins

Stephanie Anderson, District Attorney, and Jennifer F. Ackerman, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, for appellee State of Maine

**At oral argument:**

Verne E. Paradie, Jr., Esq., for appellant Jonathan Collins

Jennifer F. Ackerman, Asst. Dist. Atty., for appellee State of Maine